**In re Steven D. GILLMAN and Sherri A. Gillman Debtors.**

**Diane L. JENSEN, Trustee, Plaintiff,**

v.

**Jearldean GILLMAN Defendant.**

**Bankruptcy No. 90–2164–9P7.**
**Adv. No. 90–215.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Oct. 10, 1990.

Pavese, Garner, Haverfield, Dalton, Harrison & Jensen, Fort Myers, Fla., for plaintiff.

William D. Kramer, Marco Island, Fla., for defendant.

ORDER ON MOTION FOR
SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion for Summa-

ry Judgment filed by Diane L. Jensen, Trustee (Trustee), the Plaintiff in the above-styled adversary proceeding. In the Motion, the Trustee alleges that there are no genuine issues as to any material facts and she is entitled to a judgment as a matter of law in her favor. The Court heard argument of counsel for the respective parties at the duly noticed hearing on the Motion and having considered the pertinent part of the record, now finds and concludes as follows:

On May 17, 1984, Steven D. Gillman (Debtor) and his mother, Jearldean Gillman (Defendant), the Defendant in this adversary proceeding, purchased a residential lot located in Collier County, Florida, as joint tenants with right of survivorship. The Defendant paid all initial deposits and closing costs and also all loan costs to obtain a construction loan to build a home on the property. To this date, she has paid all mortgage payments on the property, all insurance policy premiums, and all the real estate taxes. It is without dispute that the Debtor has made no payments either toward the acquisition of the property nor toward payment of the monthly obligation on the mortgage, nor anything toward the subject property as a regular business expense, nor has the Debtor taken any income tax deductions in connection with the property.

On November 14, 1989, the Debtor executed a quit claim deed and transferred his interest in the property to the Defendant. There is no question that the Debtor did not receive any consideration for this transfer. It is likewise undisputed that the Debtor was insolvent at the time of the transfer. On March 12, 1990, within one year of the transfer, the Debtor filed his voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code.

The Trustee contends that based on the undisputed facts just outlined, the transfer was fraudulent, thus voidable, under 11 U.S.C. § 548(a)(2) first because the Debtor received less than a reasonably equivalent value—that is, nothing—in exchange for his transfer of the property; second, because the transfer occurred within one year

of the Debtor's bankruptcy filing; and lastly, because at the time of the transfer under consideration, the Debtor was insolvent.

In opposition, while the Defendant denies that the Debtor received less than a reasonably equivalent value in exchange for the transfer, the Defendant contends that the Debtor took legal title to the property only as an accommodation to enable the Defendant to obtain a loan on the property, and that it was agreed that when the Defendant refinanced the property, the Debtor would reconvey the property back to the Defendant. Thus, the Debtor never had anything more than a bare legal title interest in the property and what he transferred had no real economic value.

This Court is satisfied that the Debtor indeed held only a bare legal title to the property in question. Thus, measured in an economic sense, the conveyance of the Debtor's interest in the subject property to the Defendant had no value. Thus, the transfer cannot be challenged as a fraudulent transfer under § 548(a)(2). In the case of *Capital Finance Corp. v. Leveen*, 217 F.2d 36 (1st Cir.1954), the court held under a similar factual setting that if an alleged bankrupt held only bare legal title to land as fiduciary of her sister, the conveyance to her sister was not fraudulent. In *In re German*, 193 F.Supp. 948 (S.D.Ill.1961), the court held that property held in trust by a debtor may be transferred without that transfer constituting a fraud upon his creditors.

Based on the foregoing, although there are no material facts in dispute, the Motion must be denied, and a pretrial conference shall be scheduled, at which time this Court shall consider all pending Motions, including a Motion for Summary Judgment, if any, by the Defendant.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Trustee be, and the same is hereby, denied, and this Court shall conduct a pretrial conference in Room 100, First and Lee Streets, Fort Myers, Florida, on November 2, 1990, at 8:30 a.m., at which

time this Court will consider all pending Motions.

DONE AND ORDERED.