**In the Matter of Stuart G. GRADY, Debtor.**

**William RINEHART, Trustee, Plaintiff,**

**v.**

**Kathryn Jane MEEK f/k/a Kathryn Jane Grady, Defendant.**

**Bankruptcy No. 88–05052.**
**Adv. No. 89–0245.**

United States Bankruptcy Court, E.D. Wisconsin.

March 27, 1991.

Thomas M. Croke, Brookfield, Wis., for plaintiff.

Cornelia S. Munroe, Milwaukee, Wis., for defendant.

## MEMORANDUM DECISION

### C.N. CLEVERT, Chief Judge.

William A Rinehart, Chapter 7 trustee of Stuart G. Grady, brought this adversary proceeding to recover $600,000 in property from Kathryn Jane Meek, Grady's ex-wife, pursuant to 11 U.S.C. § 548 and Chapter 242 Wis.Stat. He claims that the couple's divorce decree effected a transfer of Grady's property to Meek for less than reasonably equivalent value, with intent to hinder, delay and defraud Grady's creditors and that the transfer rendered Grady insolvent.

Meek is asking this court to grant her summary judgment dismissing the complaint. She argues that none of Grady's property was transferred to her because the assets she allegedly received were either her individual property or had no value.

## STATEMENT OF FACTS

Grady and Meek were married on May 19, 1956, and divorced in Milwaukee, Wisconsin, on August 26, 1988. During the marriage, Meek gave piano lessons part-time and worked as a travel agent. On the other hand, Grady is a former attorney whose license to practice law was revoked for five years, commencing in 1988.

On December 26, 1985, Meek and Grady entered into a marital property agreement providing that any inheritance that Meek might receive from her mother, including interest and income, would be individual property. A revision of the agreement on May 6, 1986, declared their intention to opt-out of the Wisconsin Marital Property Act. It provided that all of Meek and Grady's assets—including earnings, income and appreciation—titled in their individual names would be classified as solely owned property and treated as though they were unmarried. Where clearly indicated, property titled in both names would be held in joint tenancy. Otherwise, jointly titled property would be held by them as tenants in common. Meek and Grady also agreed that all current and future obligations would be the responsibility of the incurring spouse.

On August 22, 1988, Meek and Grady entered a marital settlement agreement which was incorporated into their divorce judgment of August 26, 1988. The agreement encompassed a list of personal property Meek and Grady would receive and the debts for which Grady would be responsible. This resulted in Meek "receiving" assets totalling approximately $600,000 and Grady agreeing to be responsible for business debts totalling more than $350,000.

According to Meek's uncontroverted affidavit, all assets awarded to her in the divorce judgment were her separate property and were titled in her name alone. The only exceptions were insurance policies which she rejected and one New York Life insurance policy with no cash value. Meek added that she paid many of Grady's individual debts and that she sometimes prepared notes evidencing Grady's agreement to repay her. She further stated that the majority of the assets "awarded" to her as part of the divorce were purchased by her with funds given to her by her parents, with her earnings and with investment income or appreciation.

## DISCUSSION

Whether summary judgment is warranted in an adversary proceeding is governed by Bankruptcy Rule 7056 which incorporates Fed.R.Civ.P. 56(c). Under this rule, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."

To determine whether a factual dispute exists, a court must view the evidence in a light most favorable to the non-moving party. *Collins v. American Optometric Asso.*, 693 F.2d 636, 639 (7th Cir.1982). Moreover, the party opposing the motion may not rest upon mere allegations or denials of the moving party's pleading but must set forth specific facts showing that there is a genuine issue for trial. Fed.R. Civ.P. 56(e). Where no factual disputes are present or where the undisputed facts show that one party is entitled to judgment as a matter of law, summary judgment in favor of that party is appropriate. *Collins*, 693 F.2d at 639.

■ For the trustee to prevail in an action pursuant to § 548, he must prove by a fair preponderance of the evidence, *In re Edward Harvey Co., Inc.*, 68 B.R. 851, 856 (Bankr.Mass.1987), that the debtor had an interest in the property; that a transfer for less than reasonably equivalent value occurred within one year of the date the petition was filed; and that the debtor was insolvent at the time of the transfer or became insolvent as a result thereof. 11 U.S.C. § 548(a)(2)(A) and (B)(i).

■ In an action to avoid a transfer pursuant to § 242.04(1)(a) Wis.Stat., a creditor must prove that the debtor made the transfer with actual intent to hinder, delay or defraud a creditor. It is also necessary that the creditor establish that the debtor had rights in the assets transferred. *See* § 242.06(4) Wis.Stat.

First this court must decide whether Grady possessed any interest in the property "awarded" Meek under the divorce decree and if so, whether a transfer occurred.

■ Although the Bankruptcy Code does not define "property", § 541(a)(2) includes in a bankruptcy estate "all interests of the debtor and the debtor's spouse in community property as of the commencement of the case." In bankruptcy, property rights of the debtor and debtor's spouse are determined under applicable state law. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). *See also* 4 COLLIER ON BANKRUPTCY, 541–76 (15th ed. 1986) (Ownership rights in various types of property are determined by state property law and the property's treatment under the Bankruptcy Code is determined by reference to these rights.). In this case, Grady and Meek are Wisconsin residents whose property interests are determinable under Wisconsin law.[1]

■ The Wisconsin Marital Property Act presumes that all property of married persons is marital property, 766.31(2) Wis. Stat., with the exception, among other things, of gifted or inherited property, 766.31(7)(a) Wis.Stat. Section 767.255 of the Act provides that gifted and inherited property acquired prior to or during the marriage *shall* remain property of the donee and shall not be subject to division unless it will work a hardship on the other party.[2]

The trustee acknowledges that Meek received gifts and an inheritance from her parents. Moreover, he does not attempt to refute Meek's assertion that the balance of the property in question was either purchased with her individual earnings or obtained as a result of her personal investing. Nonetheless, the trustee claims, without any proof in this record, that because Meek commingled her earnings with the gifted and inherited property, the funds all become marital property. *See* § 766.63 Wis.

1. The marital settlement agreement and the marital property agreement state that Wisconsin law shall determine the rights and obligations of the parties.

2. The criteria for hardship as set forth in *Popp v. Popp*, 146 Wis.2d 778, 792, 432 N.W.2d 600, 605 (Ct.App.1988) are not met by the circumstances of the instant case.

Stat. He also fails to consider Meek and Grady's marital property agreement.

■ Married persons in Wisconsin can vary the effect of the Marital Property Act by executing a marital property agreement. 766.17(1) Wis.Stat. Meek and Grady did so. Their December, 1985, marital property agreement stated that the inheritance Meek received from her mother would remain individual property and that Grady would remain responsible for his debts.

■ The record supports a finding that Meek and Grady kept most of the property separate. Furthermore, it appears that they were attempting to opt out of the Wisconsin Marital Property law before signing the May 6, 1986, marital property agreement. When Meek and Grady revised their agreement, they reaffirmed their intention to opt out of the marital property law by stating that property, including earnings and investment income, then owned by either of them or thereafter acquired would remain individual property. Consequently, they precluded the necessity of tracing. *See* § 766.63 Wis.Stat. (Tracing is required if marital property has been mixed with property having a different classification.) *See also In re Pietri*, 59 B.R. 68 (Bankr.M.D.La.1986) (Continuation of the community property regime is not a property interest, and relinquishing community rights in the future is not, by itself, a fraudulent conveyance.) *See also* MARITAL PROPERTY LAW IN WISCONSIN, State Bar of Wisconsin, CLE Books, § 3.20 (1990). It follows that the trustee cannot meet his burden of proving that Grady had an interest in the property "awarded" to Meek, with the only exception being the New York Life insurance policy which was described as valueless.

It is, therefore, the finding of this court that the defendant is entitled to summary judgment dismissing the complaint.