677 So.2d 1322 (1996)
Michael MORTON, Appellant,
v.
CORD REALTY, INC., et al., Appellees.
No. 94-1884.
District Court of Appeal of Florida, Fourth District.
July 31, 1996.
*1323 Gregg H. Glickstein of Schwartz, Gold, Cohen, Zakarin & Kotler, P.A., Boca Raton, and John Beranek of Macfarlane, Ausley, Ferguson & McMullen, Tallahassee, for appellant.
John K. Copeland of Copeland, Kramer, Sewell & Sopko, P.A., Stuart, for appellees.
WARNER, Judge.
This is an appeal by Michael Morton, who was impled into proceedings supplementary to a final judgment. The order appealed set aside a transfer to Morton from Tradewinds Development Corporation ("Tradewinds"), a judgment debtor of the appellee, Cord Realty ("Cord"). Tradewinds was not represented in the proceedings supplementary, yet the trial court still determined that it had the burden to prove that the transfer to Morton was not fraudulent, even though Morton appeared and presented evidence on the issue. Because the trial court erred by placing the burden of proof on Tradewinds and further erred in determining that section 726.105, Florida Statutes (1993), was inapplicable to the transaction, we reverse.
Morton was a shareholder in, and president of, Tradewinds Development, a development company. In 1987, Tradewinds entered into an agreement with a third party regarding land known as the Prosperity Projects property. As part of that agreement, Tradewinds agreed to indemnify the third party for any sales commissions to Cord Realty for which the third party may become liable. Cord Realty eventually sued the third party and Tradewinds in 1989 for the commissions. Tradewinds was dismissed from the suit, and a judgment by default was entered against the third party.
Both prior to the 1987 transaction as well as during the time of the 1989 suit, Tradewinds was involved in litigation with the City of Boynton Beach over a joint venture development called Woolbright Place in which Tradewinds was a joint venturer. The litigation was extensive and included allegations of defamation by Morton against the city. In January 1990 the city, the joint venturers, and Morton all agreed to settle the litigation. The city agreed to pay $8 million in settlement. In a separate agreement not part of the settlement agreement with the city, Tradewinds transferred its interest in the Woolbright joint venture to Morton as additional consideration for Morton's execution of a release of the city from his defamation claim. Morton's release was required by the city to settle the entire litigation. As a result of the settlement, Tradewinds and Morton both received a portion of the settlement proceeds. In addition, Morton obtained the transfer from Tradewinds of Tradewinds' interest in the Woolbright joint venture. The settlement was completed in March of 1990. It is the transfer from Tradewinds to Morton of Tradewinds' interest in the Woolbright joint venture which is the subject of this appeal.
In June of 1990, Cord sued Tradewinds on the Prosperity Projects development indemnification agreement. This suit resulted in a judgment entered in January 1993 against Tradewinds for the amount of the judgment against the third party in the earlier litigation. Having suffered various business reverses, Tradewinds stopped doing business in August of 1993. Cord then filed proceedings supplementary seeking to set aside Tradewinds' transfer of the interest in Woolbright to Morton. Morton was impleaded as a defendant in these proceedings.
Tradewinds, having ceased to do business, did not participate in the proceedings supplementary. Morton, however, presented various witnesses to show that the transaction was not fraudulent as to creditors. The trial court's final judgment states:
15. Under Section 56.29(6)(a), Florida Statutes, TRADEWINDS has the burden to show that the January 24, 1990, transfer from TRADEWINDS to MORTON was not made to delay, hinder or defraud creditors.
16. The Defendant, TRADEWINDS, was not represented by counsel at the trial in this matter. The case proceeded to trial with testimony, and arguments by attorney for Plaintiff and attorney for MORTON. Based upon the evidence introduced at trial, this Court finds that the Defendant, TRADEWINDS has failed to sustain its burden of proof.
17. The Court holds that Section 726.105, Florida Statutes, is inapplicable here and *1324 therefore the cases cited by MORTON are not persuasive.
(emphasis in original). The court then voided the transfer of Tradewinds' interest in Woolbright Place to Morton and ordered it placed in the hands of the Sheriff to partially satisfy the writ of execution. It is from this order that Morton appeals.
Section 56.29(6)(a), shifts the burden to the defendant in proceedings supplementary to prove that a transfer made within one year before service of process is not fraudulent as to creditors. It states:
When, within 1 year before the service of process on him, defendant has had title to, or paid the purchase price of, any personal property to which his wife, any relative, or any person on confidential terms with defendant claims title and right of possession at the time of examination, the defendant has the burden of proof to establish that such transfer or gift from him was not made to delay, hinder, or defraud creditors.
§ 56.29(6)(a), Fla.Stat. (1993).
We previously held in Munim v. Azar, 648 So.2d 145 (Fla. 4th DCA 1994), that section 56.29(6)(a) places the burden on the transferee of the property to prove that the transfer was not fraudulent. Although the statute refers to the defendant carrying the burden of proof, in the context of the statute, the defendant must include not only the judgment debtor but any transferee who has been impleaded as a defendant. "[D]ue process requires that the rights of third persons claiming adversely both to the plaintiff and defendant in execution should not be finally adjudicated unless such persons have been first fully impleaded and brought into the proceedings as actual parties and given opportunity to present their claims as parties on the issues made up including questions as to whether conveyances of property of the judgment debtor are voidable as to them." General Guaranty Ins. Co. of Fla. v. DaCosta, 190 So.2d 211, 213 (Fla. 3d DCA 1966) (quoting Richard v. McNair, 121 Fla. 733, 164 So. 836, 840 (1935)) (emphasis supplied). To conclude that presentation of evidence by Morton, an impleaded defendant, cannot be considered to meet the burden under the statute to show that the transfer was not fraudulent would deny him due process. The opportunity to be heard is of no use if the impleaded defendant's evidence cannot be used to carry the burden of proof which must be met in order to protect its interest in the transferred property. To the extent that the trial court's judgment may be read to mean that the burden of proof must be carried by defendant Tradewinds, who did not even appear in the proceedings, such a determination was error.
The trial court also erred in rejecting the application of the Uniform Fraudulent Transfer Act (UFTA) to these proceedings. While section 56.29 provides a procedural mechanism to assist judgment creditors in reaching assets of judgment debtors, the UFTA has codified the law concerning what constitutes a fraudulent transfer. Under section 56.29, it is the burden of the defendant to prove that a transfer was not a fraudulent transfer. The manner in which a defendant may prove that a transfer was not fraudulent is governed by case law and the UFTA. See Munim, 648 So.2d at 152. To reject the substantive provisions of the UFTA as they apply to this case is to reject all of the law of fraudulent transfers.
Despite the fact that Cord argues on appeal that other sections of chapter 726 apply to this case, Cord argued to the trial court that neither the UFTA nor the case law on fraudulent transfers applied. We are unsure what law the trial court did apply. The trial court did not enter findings of fact on the elements of a fraudulent transfer as contained in the statute and case law, and there are disputed issues of fact with respect to some of the elements, including whether the transfer to Morton was for less than adequate consideration, because no value was placed on Morton's defamation claim. Morton is entitled to have his case determined based upon the application of the correct law to the facts as presented. We therefore reverse and remand for a new trial consistent with this opinion.
Reversed and remanded.
PARIENTE and GROSS, JJ., concur.