**In re Jonathan R. STOFFREGEN, Debtor.**

**Paul G. SWANSON, Trustee, Plaintiff**

**v.**

**Gertrude B. STOFFREGEN and Nathan B. Stoffregen, Defendants.**

Bankruptcy No. 96–22055–MDM.
Adv. No. 96–2713.

United States Bankruptcy Court,
E.D. Wisconsin.

March 27, 1997.

Paul G. Swanson, Pro Se.

Christine Wolk, Oshkosh, WI, for Defendants.

### MEMORANDUM DECISION

M. DEE McGARITY, Bankruptcy Judge.

## I. INTRODUCTION

This adversary proceeding for avoidance of a fraudulent conveyance pursuant to 11 U.S.C. § 548 was brought by the Chapter 7 Trustee against Gertrude and Nathan Stoffregen, mother and brother of the debtor, respectively. The defendants moved for summary judgment and argue that there are no genuine issues of material fact and they are entitled to judgment as a matter of law. The Trustee agrees that this matter is appropriate for summary judgment and contends that judgment should be rendered in his favor. The court has jurisdiction based upon 28 U.S.C. §§ 1334 and 157, and this is a core proceeding under 28 U.S.C. § 157(b)(2)(H).

## II. FACTS

The events that transpired between the parties are not in dispute. These facts are derived from briefs and affidavits filed with the court.

The real property that the Trustee seeks to recover, and which is the subject of this adversary proceeding, was purchased by Gertrude Stoffregen and her late husband, Harry Jack Stoffregen, in 1971. In 1975, for estate planning purposes, the property was deeded to Harry Jack Stoffregen, Gertrude B. Stoffregen, and their children, Jonathan Stoffregen and Nathan Stoffregen, as joint tenants. At that time, the land was unimproved and the transfer to the Stoffregen children was without consideration. The debtor, Jonathan, was fourteen years old, and Nathan was twelve.

In 1989, Gertrude and her husband began construction of a home on the property. The home was completed in 1990, after Mr. Stoffregen's death. Within a year or two, a garage was completed as well. Neither Jonathan nor Nathan contributed to the cost of the improvements, upkeep, real estate taxes, real property insurance, the Detroit Island Land Owners Association fees, the marina or ferry dock. The debtor occasionally visits the home with his family.

Jonathan had forgotten that his parents deeded the property to him and his brother when he was fourteen years old, and only was reminded when he told his mother that he was going to file bankruptcy. On March

2, 1996, Jonathan deeded his interest in the property to his mother and brother for no consideration. The debtor filed for bankruptcy protection on March 18, 1996. The transaction was disclosed in his schedules.

The Chapter 7 Trustee filed a complaint against Gertrude and Nathan alleging that the transfer is voidable pursuant to 11 U.S.C. § 548. The Trustee claims that the debtor was insolvent on the date the transfer was made or, in the alternative, the transfer was made with the intent to defraud his creditors. The defendants moved for summary judgment on the basis that an equitable lien existed in favor of Gertrude for the value of the property pursuant to Wis.Stat. § 700.215.

## III. ARGUMENTS

The defendants contend that the debtor had no rights or interest in the transferred property other than bare legal title. Thus, the Trustee is unable to satisfy all of the elements of 11 U.S.C. § 548 by a preponderance of the evidence that (1) the debtor had an interest in the property; (2) a transfer for less than reasonably equivalent value occurred within one year of the petition date; and (3) the debtor was insolvent at the time of the transfer or became insolvent as a result of that transfer. 11 U.S.C. § 548(a)(2)(A), (B)(i).

The defendants point out that the Trustee must prove that the debtor had rights in the property transferred. *Matter of Grady*, 128 B.R. 462, 464 (Bankr.E.D.Wis.1991). Various courts have held that transfers within one year of bankruptcy for no consideration are not avoidable as fraudulent if the debtor only holds bare legal title. *See In re Reynolds*, 151 B.R. 974 (Bankr.S.D.Fla.1993); *In re Gillman*, 120 B.R. 219 (Bankr.M.D.Fla. 1990). Because Gertrude Stoffregen paid for the land, the improvements and all associated taxes, insurance and fees, the defendants contend that she should be granted an equitable lien. Wis.Stats. § 700.215.

The Trustee, on the other hand, argues that resulting trusts, the type of trust arguably claimed by the defendants, have been abolished in Wisconsin. Wisconsin Statute § 701.04 provides that "if title to property is transferred to one person and all or part of the purchase price is furnished by another, the latter may not enforce a purchase money resulting trust." The Trustee derives support for his position from *Matter of Steele*, 27 B.R. 474 (Bankr.W.D.Wis.1983). In *Steele*, although parents of the debtor provided the consideration for property in which the debtor resided, the transfer of the property from the debtor to the parents on the eve of bankruptcy was voidable by the trustee. *Id.* at 478–79; *see also Matter of Kucharek*, 79 B.R. 393 (Bankr.E.D.Wis.1987) (debtor's transfer of mortgage to friend within one year of bankruptcy and at time debtor was insolvent was fraudulent transfer).

The defendants counter that they are not seeking a constructive or resulting trust, but imposition of an equitable lien, permitted by Wis.Stats. § 700.215.

## IV. ANALYSIS

The issue presented in this case is whether the Trustee may set aside the reconveyance by the debtor Jonathan to Gertrude and Nathan Stoffregen. Section 548 of the Bankruptcy Code provides in relevant part, as follows:

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obli-

gation was incurred, or became insolvent as a result of such transfer or obligation;

11 U.S.C. § 548(a).

## A. *Jonathan's Interest in the Property*

In the present instance, there is no doubt that Jonathan held an undivided ⅓ interest in the property after his father's death. It is equally evident that he did not receive any consideration from Gertrude or Nathan when he deeded his interest to them. The question which remains is whether Jonathan's interest in the property was limited to bare legal title, or whether his interest was actually a cognizable ownership interest. If the debtor had an actual ownership interest, the transfer could be challenged by the Trustee as a fraudulent transfer pursuant to § 548 of the Bankruptcy Code. *See Matter of Torrez*, 63 B.R. 751, 753 (9th Cir. BAP 1986), *aff'd*, 827 F.2d 1299 (9th Cir.1987) (Sections 548 and 547(b)(4)(B) "apply only if the estate has an interest in the land beyond bare legal title.").

■ The nature of property interest is determined under state law. *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136 (1979). Under a long line of statutory tax cases, Wisconsin courts have consistently considered the owner of real property to be the party which has the beneficial interest in the property and not the party which merely has bare legal title. *Milwaukee v. Greenberg*, 163 Wis.2d 28, 41, 471 N.W.2d 33 (Ct.App.1991) (citing *American Motors Corp. v. Kenosha*, 274 Wis. 315, 80 N.W.2d 363 (1957), *aff'd*, 356 U.S. 21, 78 S.Ct. 559, 2 L.Ed.2d 578 (1958); *Wall v. Department of Revenue*, 157 Wis.2d 1, 8, 458 N.W.2d 814 (Ct.App.1990)). Ownership means "something substantially more in the way of enjoyment or the possession of other indicia of ownership than bare or paper title." *Mitchell Aero, Inc. v. City of Milwaukee*, 42 Wis.2d 656, 660, 168 N.W.2d 183, 184

(1969); *see also Northwestern Tel. Co. v. Tax Comm'n*, 212 Wis. 219, 225, 248 N.W. 164, 166 (1933) ("[i]t matters not so much where the title to the property is from which the income accrues; the test is control over that which is taxed").

The Wisconsin Supreme Court has noted that ownership should be determined on a case-by-case basis:

Ownership is often referred to in legal philosophy as a bundle of sticks or rights and one or more of the sticks may be separated from the bundle and the bundle will still be considered ownership. What combination of rights less than the whole bundle will constitute ownership is a question which must be determined in each case in the context of the purpose of the determination.

*Mitchell Aero*, 42 Wis.2d at 662, 168 N.W.2d 183. The court went on to conclude that in a tax exemption case, one needs more than the title stick to constitute ownership. *Id.*

■ Gertrude's interest in the property has considerably more indicia of ownership than Jonathan's interest. Jonathan's ⅓ bare title stick does not stack up to Gertrude's bundle of ownership sticks in the property— either under the laws of Wisconsin or under principles of equity. Gertrude and her late husband paid for the improvements on the land and Gertrude has since paid for the upkeep, real estate taxes, real property insurance,[1] the land owners association fees, the marina and the ferry dock. Jonathan and his brother contributed nothing toward any of the costs associated with the property. These facts lead to the inescapable conclusion that Jonathan possessed, at all times, only bare legal title to the property. Consequently, his reconveyance of his ⅓ interest to Gertrude and Nathan was for no real value. Because the transfer had no real value, it cannot be challenged as fraudulent under 11 U.S.C. § 548(a)(2).

---

**1.** In determining which of two parties was the owner of certain personalty, the Wisconsin Supreme Court placed great stress upon the element of which of the two must sustain the risk of loss in case of damage to, or destruction of the property. *American Motors Corp.*, 274 Wis. at 322, 80 N.W.2d 363. In this case, it is undisputed that Gertrude paid the insurance coverage against such loss.

This conclusion is consistent with other similar bankruptcy court decisions. In *In re Gillman*, 120 B.R. 219 (Bankr.M.D.Fla.1990), the debtor purchased a residential lot with his mother, as joint tenants with the right of survivorship. The debtor's mother paid all the initial deposits, closing costs and all loan costs for the construction loan to build a home on the property. In addition, she paid all mortgage payments, insurance premiums and real estate taxes. The debtor made no monetary contributions toward the property. Within one year prior to his bankruptcy filing, the debtor deeded his interest back to his mother. The court determined that the debtor held only bare legal title to the property and that the conveyance had no value "in the economic sense." Consequently, the debtor's transfer for no consideration, at a time when the debtor was insolvent, was not avoidable as a fraudulent transfer. *Id.* at 220; *see also In re Reynolds*, 151 B.R. 974 (Bankr.S.D.Fla.1993).

The Trustee cites *Matter of Kucharek*, 79 B.R. 393 (Bankr.E.D.Wis.1987), and *Matter of Steele*, 27 B.R. 474 (Bankr.W.D.Wis.1983), to support his contention that Jonathan's transfer should be avoided as fraudulent. In *Matter of Steele*, the debtor took title to property as an agent or "straw man" for the benefit of his parents, in an effort to minimize the tax impact of the sale of another property owned by the parents. Although the parents paid consideration of $72,000.00, the debtor was grantee on the deed and the owner of record. The debtor later gave the bank a mortgage on the property as security for a promissory note of $212,000.00. The debtor also recorded a document promising to pay his parents $72,000.00 on demand. After the debtor filed bankruptcy, the parents claimed that they were the owners of the property. The court determined that debtor was grantee on the deed and owner of record, such that the transfer to his parents was voidable by the trustee as a preferential transfer.

The facts in *Steele* are distinguishable from this case. In *Steele*, the debtors were in possession of the property, were paying the real estate taxes, and were the only names on the title. Although the debtor's parents paid the initial consideration for the purchase, the debtor agreed and was legally obligated to reimburse them. This is substantially different from a situation where parents deed title to minors for estate planning purposes.

In *Matter of Kucharek*, 79 B.R. 393, the trustee was allowed to set aside a prebankruptcy real estate conveyance by the debtor as fraudulent. The transferee claimed that he was entitled to a "resulting trust" because his funds were used to purchase the property and pay taxes. *Id.* at 398. The bankruptcy court noted that § 701.04(1), Wis.Stat., has abolished purchase money resulting trusts. A constructive trust was also claimed by the transferee. However, the court pointed out that " 'some additional factor such as actual or constructive fraud, duress, abuse of confidential relationship, mistake, commission of a wrong or some form of unconscionable conduct must be found.' " *Id.* (quoting *Matter of Adametz*, 53 B.R. 299 (Bankr.W.D.Wis. 1985)). The defendants in the instant case are claiming neither a resulting trust nor a constructive trust. They are claiming the debtor never possessed a beneficial interest.

B. *Equitable Lien*

 The defendants have also requested that the court impose an equitable lien in favor of Gertrude. Bankruptcy courts have always invoked equitable powers to insure that substance prevails over form to prevent fraud or injustice. *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939). An equitable lien is good in bankruptcy only if it would be sufficient to constitute a property interest under applicable state law. Under Wisconsin law, equitable liens arise in two general situations: when a written contract reflects the parties' intent to satisfy a debt from particular property, or when a court grants equitable relief in light of the parties' relationship and dealings. *See McIntyre v. Cox*, 68 Wis.2d 597, 229 N.W.2d 613 (1975) (without a debt the parties' contract and conveyance did not create a security interest); *Puttkammer v. Minth*, 83

Wis.2d 686, 266 N.W.2d 361 (1978) (action for unjust enrichment recovery based upon theory that one who has received benefit has duty to make restitution when to retain such benefit would be unjust). There is no written contract that reflected the parties' intent to satisfy a debt from the property, so this court must examine the relationship between Gertrude and Jonathan and the nature of the transaction.

The essential elements of an equitable lien are (1) a benefit conferred upon the defendant (in this case, Jonathan) by the plaintiff (Gertrude); (2) an appreciation or knowledge by the defendant of the benefit; (3) acceptance or retention by the defendant of the benefit under circumstances making it inequitable for the defendant to retain the benefit; and (4) a specific *res* to which the lien can attach which can be identified or described with reasonable certainty. *Matter of Adametz*, 53 B.R. 299, 306 (Bankr. W.D.Wis.1985) (citing *Puttkammer v. Minth*, 83 Wis.2d 686, 689, 266 N.W.2d 361 (1978); *McIntyre v. Cox*, 68 Wis.2d 597, 602, 229 N.W.2d 613 (1975); Restatement, *Restitution* § 161, at 650). Furthermore, an equitable lien relates back to the time it was created by the conduct of the parties. *Adametz*, 53 B.R. at 307 (citing 51 Am.Jur.2d *Liens* § 22, at 160–61 (1970)). An equitable lien in this case would relate back to the time Gertrude and her late husband deeded the ¼ interest in the property to Jonathan.

As discussed above, only bare legal title was conferred upon Jonathan by Gertrude and her late husband. The parties agree the only motive for this original conveyance was for estate planning purposes. What the parents were conveying was a right of survivorship; they had no other reason to convey the beneficial interest. The establishment of a joint tenancy is a common practice to pass property at death to a beneficiary without probate, which many lay people regard as an evil to be avoided at all costs. It keeps ownership within the group of joint tenants without passing it to the heirs of the first tenant to die. There were no other economic motivations in the 1975 creation of this joint tenancy, such as the desire to obtain financing or save taxes, as appears in the cases cited which avoid a reconveyance by the debtor prior to bankruptcy. Jonathan apparently knew of the benefit at one time, although he clearly did not attach great significance to it because he "forgot." The fact that he forgot also indicates he attached no importance to the bare legal title as long as his mother was alive. The equitable lien obviously attaches to a specific *res*. Finally and most importantly, it would be unfair to deprive Gertrude of her beneficial interest when all she and her husband were attempting to do in 1975 was to set up a vehicle to avoid probate when both of them died. All of the elements of an equitable lien in Gertrude's favor exist.

The addition of Nathan on the deed executed by the debtor in no way changes this court's decision as to Gertrude's equitable lien. Nathan had also received a right of survivorship as a child, as his interest is also subject to Gertrude's equitable lien. Including him as a joint tenant adds nothing except to maintain Gertrude's plan, as property held in joint tenancy must be owned equally by all tenants. Wis.Stat. 700.17(2).

## V. CONCLUSION

This court holds that the debtor obtained bare legal title to the real estate in 1975, and his reconveyance of the property to the other joint tenants was not a fraudulent transfer. Therefore, the transfer by the debtor shortly before bankruptcy cannot be avoided by the trustee.

This decision represents the court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052.