**In re Maurice DWYER, Debtor.**

**Louis A. Geremia, Trustee, Plaintiff,**

**v.**

**Elizabeth Dwyer, Defendant.**

**Bankruptcy No. 98–14688.**
**Adversary No. 99–1035.**

United States Bankruptcy Court,
D. Rhode Island.

May 2, 2000.

Lisa A. Geremia, Geremia & DeMarco Ltd., Providence, RI, for plaintiff.

John Boyajian, Boyajian Harrington & Richardson, Providence, RI, for defendant.

## ORDER GRANTING DEFENDANT'S (1) MOTION TO RECONSIDER; AND (2) MOTION FOR SUMMARY JUDGMENT

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court is the Defendant, Elizabeth Dwyer's Motion for Reconsideration of our December 22, 1999 Order denying summary judgment. Upon consideration of the arguments and the pleadings and for the reasons set forth below, we (1) GRANT reconsideration, and (2) GRANT the Defendant Dwyer's Motion for Summary Judgment.

1. We initially denied summary judgment because there appeared to be a material issue of fact in dispute, i.e., whether the Debtor possessed only "bare legal title" in the subject

### BACKGROUND

The facts are not in dispute.[1] In 1978 Elizabeth Dwyer purchased real estate located at 4 Rosemere Court in Roslindale, Massachusetts (hereinafter "the Property"). Dwyer used $5,000 inherited from her mother as a down payment and borrowed the remaining $20,000 purchase price from East Boston Savings Bank. When she purchased the Property Dwyer was widowed and was raising three children (her husband died in 1963). At or about the time of the acquisition, and on advice of her brother-in-law (not an attorney) she had her eldest son's name, Maurice, placed on the deed. The brother-in-law's rationale for this advice does not appear in the record.

All three of the Defendant's children resided with Mrs. Dwyer until Maurice was married in September 1979. After the wedding, Maurice and his wife lived at the Property for approximately two years, during which time they paid rent of $200 per month to Mrs. Dwyer until Maurice and his wife moved out, sometime in 1981. Thereafter Dwyer's other son Kenneth was married, and he and his wife lived in the Property until 1985. After 1985, the property has been rented to various (non-family) tenants.

Since Dwyer purchased the Property twenty-two years ago she has paid all mortgage and tax obligations, and all water, insurance, and repair bills. Rent received from the various tenants was reported as income by Dwyer on her federal tax returns and she claimed all deductions associated with the Property. In May 1998, because of his marital problems, and at Mrs. Dwyer's request, Maurice executed a deed transferring the Property back to his mother as the sole owner. In November 1998, Maurice filed for bankruptcy.

real estate. The Trustee now concedes that the Debtor held only bare legal title, resolving any factual dispute.

Upon his appointment, the Chapter 7 Trustee immediately brought the instant adversary proceeding against Maurice's mother to set aside the May 1998 conveyance as a fraudulent transfer. Dwyer responded with a motion for summary judgment, together with a detailed affidavit stating that Maurice never held more than "bare legal title" to the Property, and therefore he had no economic interest in the Property. For purposes of the motion to reconsider and the summary judgment motion, the Trustee concedes that Maurice had only bare legal title, but argues that such an interest nonetheless constitutes an economic interest of some value to the estate. (See *Trustee's Statement of Position Re: Motion for Reconsideration,* Docket No. 19, at 1). In light of this concession, which leaves no factual issues in dispute, reconsideration is GRANTED, and we will address the merits of the summary judgment motion.

## DISCUSSION

To grant summary judgment the court must conclude that "the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law." Fed.R.Civ.P. 56(c),[2] *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) *Barbour v. Dynamics Research Corp.,* 63 F.3d 32, 36–37 (1st Cir.1995), *cert. denied,* 516 U.S. 1113, 116 S.Ct. 914, 133 L.Ed.2d 845 (1996); *Mottolo v. Fireman's Fund Ins. Co.,* 43 F.3d 723, 725 (1st Cir.1995).

A material fact is one that, in light of the governing law, has the potential to affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment"); *accord Mottolo,* 43

F.3d at 725; *United States v. One Parcel of Real Property,* 960 F.2d 200, 204 (1st Cir.1992).

The parties agree as to the debtor's interest in the subject Property, and that the issue is whether "bare legal title" to property constitutes an economic interest. With no factual issues in dispute, we conclude as a matter of law that the Debtor's bare legal title to the Property does not constitute an economic interest.

This result is supported by the many cases holding that when a debtor holds only bare legal title, and not equitable title to property, only the legal title becomes part of the debtor's bankruptcy estate. *See In re Torrez,* 63 B.R. 751, 753 (9th Cir. BAP 1986), *aff'd,* 827 F.2d 1299 (9th Cir. 1987) ("where the debtor possesses only a legal and not an equitable interest in property, the equitable interest does not become part of the estate"); *In re Halabi,* 184 F.3d 1335, 1337 (11th Cir.1999) ("where the debtor holds bare legal title without any equitable interest, the estate acquires bare legal title without any equitable interest").

Because Maurice never held more than bare legal title to the subject Property, which conferred no tangible economic value upon the estate, the transfer of the bare legal title back to his mother did not constitute a fraudulent conveyance. "Thus, measured in an economic sense, the conveyance of the Debtor's interest in the subject property to the Defendant had no value. Thus, the transfer cannot be challenged as a fraudulent transfer under § 548(a)(2)." *In re Gillman,* 120 B.R. 219, 220 (Bankr.M.D.Fla.1990); *see also In re Stoffregen,* 206 B.R. 939, 941 (Bankr. E.D.Wis.1997) ("[v]arious Courts have held that transfers within one year of bankruptcy for no consideration are not avoidable as fraudulent if the debtor only holds bare legal title").

In *Gillman,* as in the instant case, the trustee attempted to set aside as a fraudu-

2. This rule is incorporated into the bankrupt-

cy context by Fed.R.Bankr.P. 7056.

lent conveyance the transfer of property from the debtor to his mother. The Court held that because the debtor held only bare legal title, the equitable title to the property was not a part of his bankruptcy estate. 120 B.R. at 220. Likewise in *Stoffregen*, the trustee sought to avoid the transfer to the debtor's mother and brother of a one-third interest in real property. The court there held that because the debtor held only bare legal title to the property, "his reconveyance of his ⅓ interest to [his mother and brother] was for no real value. Because the transfer had no real value, it cannot be challenged as fraudulent under 11 U.S.C. § 548(a)(2)." *Stoffregen* 206 B.R. at 942. Finally, the United States Supreme Court, in discussing the applicability of 11 U.S.C. § 541(a)(1), has held:

> Section 541(a)(1) speaks in terms of the debtor's "interest ... in property," rather than property in which the debtor has an interest, but this choice of language was not meant to limit the expansive scope of the section. *The legislative history indicates that Congress intended to exclude from the estate property of others in which the debtor had some minor interests such as a lien or bare legal title.*

*United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n. 8, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) (emphasis added).

This abundance of case law compels the result, *based upon the stipulated facts*,[3] that the Debtor had no economic interest in the subject Property and that the transfer of his bare legal title to his mother was not a fraudulent conveyance.

Accordingly, being entitled to judgment as a matter of law, the Defendant's motion for summary judgment is GRANTED.

Enter judgment consistent with this opinion.

---

**3.** We must express a cautionary note that this result is based on the agreed facts of this case. In this Court's experience, the question whether a defendant in a fraudulent conveyance action possessed merely bare legal title is usually a contested issue of fact. Here, the parties' stipulation, accompanied by the voluminous and uncontested affidavit of the Defendant, makes *this* (fact specific) case appropriate for summary judgment.