**In re William A. SOUZA, Debtor.**

**Susan M. Ballard, Plaintiff,**

**v.**

**William A. Souza, Defendant.**

**Bankruptcy No. 98–10363.**
**Adversary No. 00–1093.**

United States Bankruptcy Court,
D. Rhode Island.

March 26, 2001.

Christopher E. Pay, Fay Law Associates, Cranston, RI, for debtor/defendant.

Robert R. Nocera, Pawtucket, RI, for plaintiff.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on creditor Susan Ballard's Motion for Summary Judgment in the above captioned adversary proceeding. The sole issue before me is whether the Rhode Island Superior Court judgment for assault and battery is *res judicata* as to Ballard's Complaint seeking a determina-

tion that her debt is nondischargeable under 11 U.S.C. § 523(a)(6). Upon consideration of the facts and the arguments, and after reviewing the Superior Court Amended Complaint and Verdict Form used in the state court proceeding, I conclude that the principles of *res judicata* apply, that the debt in question is nondischargeable, and that summary judgment should enter in favor of the Plaintiff. *See Geremia v. Dwyer (In re Dwyer)*, 250 B.R. 472, 474 (Bankr.D.R.I.2000); Fed. R.Bankr.P. 7056.

## DISCUSSION

On August 15, 1993, Ballard worked as a Karaoke singer at the Roundhouse Tavern in Central Falls, Rhode Island. After her performance on that date, Ballard injured her elbow while removing her equipment from the Tavern. Noticing Ballard's difficulty, William Souza approached her and offered to apply "pain transference therapy" to eliminate the pain. Without her informed consent, Souza applied "tremendous force" to Ballard's shoulder causing her physical injuries, and Ballard sued Souza in the Rhode Island Superior Court. The matter was fully tried before a jury, and on November 3, 1997, a verdict was returned in Ballard's favor awarding her $25,000, plus interest and costs. On January 30, 1998, Souza filed a voluntary Chapter 7 petition.

Ballard argues that the Superior Court jury verdict is *res judicata*, that Souza is collaterally estopped from questioning her claim under 11 U.S.C. § 523(a)(6), and that said claim is not subject to review by the Bankruptcy Court. In response, the Debtor argues that there is no showing that he acted with malicious intent, nor has Ballard established that the conduct in question was wilful and malicious.

The Plaintiff's First Amended Complaint filed in the Superior Court alleges, in numerous paragraphs, that William Souza in-

jured Ballard "willfully, maliciously, and without any just cause." *See* Complaint, pp. 3, 4, 6. Additionally, the jury verdict form used by the Superior Court states that the jury answered "yes" when asked "Do you find that on or about August 15, 1993, the defendant, William A. Souza, committed assault and battery upon the plaintiff, Susan Ballard?" i.e., Souza was not merely found guilty of negligence. To the contrary, the record clearly supports the conclusion that the Plaintiff has established all of the elements of a wilful and malicious injury under § 523(a)(6), and that the debt is nondischargeable. *See Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

Under these circumstances, with the principles of *res judicata* applicable, the state court judgment ends the dispute in this (or any other) Court, *see In re Medeiros*, 153 B.R. 9 (Bankr.D.R.I.1993), and for the reasons stated above, the Plaintiff's Motion for Summary Judgment is GRANTED.

Enter Judgment consistent with this opinion.