OSTERHAUS, J.
RREF SNV-FL SSL, LLC, a. successor in interest to judgment creditor • Coastal Bank and Trust of Florida, appeals from an order denying its petition for supplemental relief under § 56.29 Florida Statutes (2013). We reverse because under the statute the appellees bore the burden of proving that a spousal transfer of hotel company shares was not made to delay, hinder, or defraud creditors, whereas the final order indicates that the burden was incorrectly shifted to the appellant.
I.
Businessman Richard McAlpin owned a hotel company (Little Sabine Investment Group, Inc. (LSIG)) and a storage company (Shamrock Storage, LLC) in the Panhandle of Florida, each of which took loans that Mr. McAlpin personally guaranteed. In 2009, his companies defaulted on their loans. Mr. McAlpin tried to save the hotel investment for his family by transferring all of his LSIG shares (he was the sole shareholder) to his wife Jerri M. McAlpin, because, unlike himself, she was eligible to receive a substantial loan guaranteed by • the Small Business Administration (SBA) (LSIG owed approximately $7 million to Compass Bank in 2009, which was secured *91 only by the hotel (worth about $4 million) and Mr. McAlpin’s personal guarantee). On January 1, 2010, Mr. McAlpin transferred his shares and all of his ownership interest in LSIG to Ms. McAlpin in return for nothing. She ultimately received a SBA-backed loan in 2011, and used it to satisfy LSIG’s previous debt. These actions permitted the McAlpins to continue operating the hotel, where they also reside in a three-room suite.
During this same period, Coastal Bank filed a foreclosure action against Shamrock Storage and Mr. McAlpin on the storage business loan that had gone into default on October 2, 2009. The parties resolved the matter over the next couple of years when Mr. McAlpin executed a warranty deed conveying the storage facility to Coastal and agreed to a final deficiency judgment on the outstanding $400,000 debt. Coastal subsequently assigned the judgment to appellant RREF in June 2011.
In 2013, RREF filed a motion to commence proceedings supplementary to execution on the storage-related judgment per section 56.29(6), Florida Statutes. RREF impleaded both Ms. McAlpin and LSIG seeking to void Mr. McAlpin’s transfer of the LSIG hotel shares to Ms. McAlpin, which RREF claimed to be fraudulent. The trial court granted the motion and held a final hearing on Mr. McAlpin’s transfer of LSIG shares to Ms. McAlpin in 2014. After an examination of Mr; McAl-pin’s dealings at the hearing, the trial court denied RREF’s request for relief because it wasn’t satisfied that the transfer was made to hinder creditors. RREF then filed this timely appeal.
II.
The trial court’s short order denying RREF’s request to void the McAlpin’s transfer of LSIG stock stated: “The Court is not satisfied that the transfer of Mr. McAlpin’s interest in [LSIG] was made to hinder creditors.” No other findings or conclusions accompanied the ruling either at the hearing or in the order itself;.
The problem with the order is its implication that RREF had to prove the fraudulent transfer by the greater weight of the evidence. RREF did not have the burden of proof; instead, it rested with the McAl-pins due to the nature of the transfer. According to the record, Mr. McAlpin transferred all of his LSIG'shares to his wife for nothing in return, jüst a few months before Coastal Bank initiated foreclosure proceedings on the'storage company loan that Mr. McAlpin had personally guaranteed. In situations like this one, the presumption in § 56.29(6) is that a spousal transfer should be voided unless the defendant can prove that it did not make the transfer to delay, hinder, or defraud creditors:
Section 56.29 Proceedings supplementary. —
(6)(a)‘ When, within 1 yéar before the service of process on him or her, defendant has had title to, or paid the purchase price of, any personal property to which thé defendant’s spouse ... claims title and right of possession at the time of examination, the defendant has the burden of proof to establish that such transfer ..." was not made to delay, hinder, or defraud creditors.
We, reversed for similar reasons in Treated Timber Prods., Inc. v. S & A Assocs., Inc., 488 So.2d 159, 160 (Fla. 1st DCA 1986), citing § 56.29(6)(a), where a trial court shifted the burden of proof from a debtor company to the creditor to prove that a confidential transfer of building equipment to a sibling’s company was not made to delay, hinder or defraud creditors. We concluded that “[t]he trial court failed to-shift the burden of proof to the defendants and incorrectly held [the creditor] to *92 the standard of ‘the greater weight of the evidence.’ ” Id. at 160-61. See also Mejia v. Ruiz, 985 So.2d 1109, 1114 (Fla. 3d DCA 2008) (recognizing that the burden of proof had shifted to the defendant).' Here too, it was not RREF’s burden to satisfy the court that the McAlpin’s share transfer was improper in the proceeding below. Instead, “it [was] the judgment debtor’s burden to establish a lack of intent to delay, hinder, or defraud the judgment creditor.” Jackson-Platts v. Gen. Elec. Capital Corp., 727 F.3d 1127 (11th Cir. 2013); Munim v. Azar, 648 So.2d 145, 153 (Fla. 4th DCA 1994). Appellees thus bore the burden of proving that the transfer was not made to delay, hinder, or defraud creditors, a showing “governed by case law and the [Uniform Fraudulent Transfer Act (UFTA) ].” Morton v. Cord Realty, Inc., 677 So.2d 1322, 1324 (Fla. 4th DCA 1996).
Finally, the final order addressed whether the McAlpin transfer was made to “hinder” creditors, but not whether it was made to “defraud” or “delay” creditors per § 56.29(6) and relevant UFTA provisions. See Biel Reo, LLC v. Barefoot Cottages Dev. Co., LLC, 156 So.3d 506, 511 (Fla. 1st DCA 2014) (noting that the manner of proving and defending fraudulent transfer claims under § 56.29 borrow from the UFTA). For this reason too, the order fell short of adequately resolving RREF’s fraudulent transfer claim in the supplementary proceeding below. See, e.g., Mejia, 985 So.2d at 1112-13 (applying § 726.105 in evaluating a fraudulent transfer claim); Mansolillo v. Parties By Lynn, Inc., 753 So.2d 637, 639-40 (Fla. 3d DCA 2000) (applying § 726.106).
III.
Because the order below indicates that the burden shifting required by § 56.29(6) did not occur, we reverse and remand for additional proceedings consistent with this opinion.
REVERSED AND REMANDED.
BENTON and MARSTILLER, JJ., concur.