Per Curiam.
*789 RREF SNV-FL SSL, LLC, appeals an order denying its motion to avoid a fraudulent transfer brought pursuant to section 56.29, Florida Statutes (2013). We affirm.
I. BACKGROUND
This case comes to us for a second time. See RREF SNV-FL SSL, LLC v. Shamrock Storage, LLC , 178 So.3d 90 (Fla. 1st DCA 2015). We detailed the parties' dispute and the procedural background in our earlier decision, id. at 90-91, so we offer only the abridged version here: Richard McAlpin owned a company that owned a Travelodge motel, and he owned a second company (appellee Shamrock Storage) that operated storage units. Shamrock Storage got a bank loan that McAlpin personally guaranteed, and the company defaulted. A few months before the loan was set to mature, McAlpin gave his wife his motel-company stock, then receiving nothing in return. Id. Ultimately the bank got a judgment against McAlpin on the Shamrock loan, and it assigned that judgment to RREF SNV-FL SSL, LLC (RREF, for short), the appellant here.
RREF sought to avoid McAlpin's transfer of the stock. RREF contended this was a fraudulent transfer, and that the motel-company stock should be available to help satisfy its judgment against McAlpin. RREF alleged that the transfer was fraudulent both because there was an actual intent to defraud, and separately because there was constructive fraud. The trial court denied relief, concluding that it was "not satisfied that the transfer of Mr. McAlpin's [stock] was made to hinder creditors." Id. (quoting order).
RREF appealed, and we reversed. Id. We concluded that the trial court wrongly placed the burden of proof on RREF. Id. at 91. We explained that it was the appellees' burden to demonstrate the transfer was not fraudulent. Id. ("In situations like this one, the presumption in § 56.29(6) is that a spousal transfer should be voided unless the defendant can prove that it did not make the transfer to delay, hinder, or defraud creditors ...."); see also § 56.29(6)(a), Fla. Stat. (2013) ;* Morton v. Cord Realty, Inc. , 677 So.2d 1322, 1324 (Fla. 4th DCA 1996) (noting that § 56.29"shifts the burden to the defendant in proceedings supplementary to prove that a transfer made within one year before service of process is not fraudulent as to creditors").
On remand, and based on this court's earlier decision, the parties agreed the appellees had the burden to disprove both constructive and actual fraud. The court conducted another hearing on the matter, but for whatever reason, the parties agreed neither side would present additional evidence. So the court-now with a different presiding judge-looked at the same record it already had. After hearing argument, the court entered an order again denying RREF's request. This time, the court found that the appellees proved McAlpin's stock transfer was not fraudulent. Once again, RREF appeals.
II. ANALYSIS
Under section 726.106, a debtor's transfer is fraudulent as to a creditor if (a) the *790 creditor's claim arose before the transfer, (b) the debtor was insolvent at the time of the transfer or became insolvent because of the transfer, and (c) the debtor made the transfer without receiving reasonably equivalent value in exchange for the transfer. § 726.106(1), Fla. Stat. (2013). On remand, the parties agreed that the appellees needed to disprove at least one of these three elements.
A. Whether RREF's claim arose before the transfer.
The appellees did not prove the claim arose after McAplin's stock transfer. McAlpin transferred the stock to his wife in January 2010. The trial court found that McAlpin was not in default at the time and did not learn of the judgment against him until three or four months later. But regardless of whether McAlpin was in default in January 2010, there is no question that RREF (or its predecessor in interest) had a "claim" against him-as the term is statutorily defined-at the pertinent time. See § 726.102(4), Fla. Stat. (2013) (" 'Claim' means a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.").
B. Whether McAlpin was solvent at the time of the transfer.
The appellees did not prove McAlpin was solvent at the time of the transfer and remained solvent after it. In fact, they did not prove that McAlpin was solvent at any relevant time. He had judgments against him, and he was not meeting his obligations.
C. Whether McAlpin received reasonably equivalent value.
That leaves as the final issue whether the appellees proved McAlpin received reasonably equivalent value for the stock. We conclude that they did. McAlpin testified that he transferred the stock to his wife without receiving payment in exchange, but there was also evidence from which the trial court could find the stock had a value of zero. "[I]t is impossible to receive less than reasonably equivalent value for an asset that has no value." In re Gomez , 560 B.R. 866, 873 (Bankr. S.D. Fla. 2016). Therefore, there can be no constructive fraud under section 706.106(1) based on the transfer of a valueless asset. See id. ("Transfer of a valueless asset cannot hinder, delay or defraud any creditor of value as it is valueless."); see also In re Todd , 391 B.R. 504, 509 (Bankr. S.D. Fla. 2008) ("If no value was lost in the transfer between the Debtor and the Defendant, it is inherently the case that the Debtor did not receive less than equivalent value. As a result, the ... section 726.106(1) [and other] claims fail as to the less than reasonably equivalent value element."); In re Moodie , 362 B.R. 554, 562 (Bankr. S.D. Fla. 2007) (finding transfer of "economically valueless" title does not meet the reasonably equivalent value standard in § 726.106(1) ); In re Gillman , 120 B.R. 219, 220 (Bankr. M.D. Fla. 1990) ("[M]easured in an economic sense, the conveyance of the Debtor's interest in the subject property to the Defendant had no value. Thus, the transfer cannot be challenged as a fraudulent transfer ....").
AFFIRMED .
Jay and Winsor, JJ., concur; Roberts, J., concurs in result only.

The statutory provision shifting the burden of proof to the judgement debtor in supplementary proceedings is now in section 56.29(3)(a), Fla. Stat. (2017). The wording remains substantially similar to the prior version. See Ch. 2016-33, Laws of Fla.