386 So.2d 1289 (1980)
George STEPHENS, Appellant,
v.
KIES OIL COMPANY, INC., a Florida Corporation, and Joel C. Stephens, Jr., Appellees.
Nos. 79-1278, 79-1383.
District Court of Appeal of Florida, Third District.
August 12, 1980.
*1290 Stephens, Schwartz, Lynn & Chernay and Robert M. Klein, Miami, for appellant.
Wakefield, Hewitt & Webster and Harold D. Moorefield, Jr., Miami, for appellees.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
Appellant, Stephens, seeks reversal of a summary final judgment in favor of appellee, Kies.
Kies, an oil distributor, commenced an action against Stephens seeking recovery for goods sold and delivered to Stephens as owner of an automotive service center. Stephens filed an answer containing a general denial.
After discovery was taken, the only viable issue remaining was whether Stephens owned the station in question. Stephens contended that he made an oral agreement to transfer ownership to his nephew under which the nephew was to assume all outstanding obligations. Kies filed a motion for summary judgment relying upon depositions and other proof before the court to show that the alleged sale constituted a fraud upon Kies because the classical badges of fraud which would void a sale were present. § 726.01, Fla. Stat. (1979). These included: (a) sale to a relative; (b) sale while Stephens was indebted to Kies; (c) no consideration passed between Stephens and his nephew in the alleged sale; and (d) Stephens retained ostensible possession of the premises as evidenced by his later bona fide sale to a third party. These badges of fraud create a prima facie case and raise a rebuttable presumption that the sale was void. Money v. Powell, 139 So.2d 702 (Fla.2d DCA 1962); Tornwall v. Carter, 106 So.2d 96 (Fla.2d DCA 1958).
The badges of fraud demonstrated by Kies, standing alone, unrebutted and uncontradicted would entitle Kies to a directed verdict. Gyorok v. Davis, 183 So.2d 701 (Fla.3d DCA 1966). It is the intent to defraud one's creditors which is a vital element to be established under Section 726.01, supra. Jackson v. Citizens' Bank & Trust Co., 53 Fla. 265, 44 So. 516 (1907).
In the present case, there was evidence presented of Stephens' motivation for selling the business. He attempted to justify the subsequent sale to a third party with allegations of: (1) his nephew's inability to generate sufficient earnings from the business to make the installment payments; and (2) his nephew's request for him to return to find another purchaser so as to salvage what he could from the business. These factors tend to rebut and contradict the presumption, raised by the badges of fraud demonstrated by Kies, that the sale was void and create an issue to be resolved by the trier of fact.
Summary judgment is available in fraud cases only in extraordinary circumstances. Automobile Sales, Inc. v. Federated Mutual Implements and Hardware Insurance Company, 256 So.2d 386 (Fla.3d DCA 1972). Because of this question as to Stephens' intent to defraud Kies, the presumption *1291 against the existence of fraud has not been conclusively met and entry of summary judgment was premature. McCrary v. Bobenhausen, 366 So.2d 77 (Fla.1st DCA 1977).
The summary final judgment is reversed and remanded for further proceedings.