In re Allen A. PICHE, Debtor(s).

Gui L.P. GOVAERT, Trustee, Plaintiff,

v.

Allen A. PICHE, Tecstar International, Inc., and Georges Maugee, Defendants.

Bankruptcy No. 85–00550–BKC–TCB.

Adv. No. 85–1225–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

Nov. 29, 1985.

Steven H. Friedman, Friedman & Lehman, P.A., Miami, Fla., for plaintiff.

Allen A. Piche, pro se.

Michael Ullman, N. Miami Beach, Fla., Mark A. Seff, Hollywood, Fla., TECSTAR Intern., Inc., c/o John W. Bowen, Registered Agent, Ft. Lauderdale, Fla., for defendant Allen A. Piche.

Fredric C. Buresh, Ft. Lauderdale, Fla., for defendant Georges Maugee.

Georges Maugee, pro se.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee seeks avoidance, as a fraudulent transfer under 11 U.S.C. § 544(b), of

the debtor's transfer of certain real property in Broward County to the defendant corporation. Plaintiff also seeks an injunction against the individual defendant Georges Maugee to stay until the disposition of this action that defendant's pending foreclosure action against the same property. The defendant corporation has answered. The individual defendant has moved for a continuance (C.P. No. 7). The matter was tried on November 21.

■ It is clear that this action can be decided by this court long before the individual defendant can obtain judgment in the State court. The trustee, if successful, can readily be substituted as defendant in the State court foreclosure without delaying this defendant. Under these circumstances, the continuance is denied because no relief is necessary against this defendant, who is not otherwise affected by this litigation.

Section 544(b) provides that:

"The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim..."

*Florida Statutes,* § 726.01, which has not been amended since 1823, permits the avoidance of any transfer made with "intent to delay, hinder or defraud creditors" unless the transfer was made "upon good consideration and bona fide" to a person without "notice or knowledge of such covin, fraud or colusion." It contains no time restriction other than the requirement that it be brought within four years. *Fla.Stat.* § 95.11(3)(j). It differs, therefore, from 11 U.S.C. § 548(a)(1) only in that the latter is restricted to transfers which occurred within one year before bankruptcy.

■ On March 5, 1984, one year and ten days before the commencement of this bankruptcy case, the debtor granted a third mortgage of partially improved real property in Broward County, the Piche Plat, to the defendant corporation to secure an indebtedness of $250,000. This was a third mortgage, granted after two institutional

mortgages securing a total indebtedness of $400,000. The property was owned by the debtor. The encumbrance of property with a mortgage can constitute a fraudulent transfer under the Florida statute. *Sunshine Bank v. Manring Auto Sales, Inc. (In re Manring Auto Sales, Inc.),* 19 B.R. 128 (Bankr.N.D.Fla.1981). Seven months after bankruptcy, the corporate defendant filed a foreclosure action. Two days after he was served with process, the debtor filed an answer admitting all allegations. A judgment of foreclosure ensued and a certificate of title was granted to the defendant corporation on February 1, 1985. Plaintiff seeks the avoidance of the transfer which began with the grant of a mortgage and was consummated by the clerk's conveyance after foreclosure.

The corporation denies any intent to hinder, delay or defraud the debtor's creditors and the trustee argues that the requisite intent should be inferred from the circumstances of the transaction. TECSTAR's principal shareholder is Lucien Boldoc, a brother of the debtor. The corporate officers are Lucien, the debtor's other brother Laval, and the debtor's personal and business accountant and associate, Peter Turoc. Nothing of value was received by the debtor from TECSTAR when the mortgage was granted. The recited and claimed consideration were antecedent cash advances claimed to be in excess of $250,000. However, no promissory note, no accounting records, no receipt or any other documentary evidence has ever been produced to reflect any indebtedness on the part of the debtor to TECSTAR. On the contrary, it is conceded by the defendant's only witness that some if not most of the claimed consideration had been furnished by Lucien and that the purpose of the mortgage was to protect Lucien's unsecured and undocumented claim against the debtor.

At the time the mortgage was granted, the debtor was in financial distress. Three judgments in the aggregate amount of $132,978 had been entered against him between September 13 and October 15, 1984 and had not been satisfied during the ensu-

ing six months before the execution of the mortgage. On the date of bankruptcy, the debtor's assets totalled $960 against liabilities in excess of $1 million.

The debtor's relationship with his brothers and with Turoc remained close and cordial at all pertinent times and the TECSTAR bank account was frequently used by the debtor both for the deposit of his personal funds and for the payment of his personal living expenses. The foregoing circumstances are recognized as being some of the classical badges of fraud which support the inference of an actual intent to defraud. *Stephens v. Kies Oil Company, Inc.*, 386 So.2d 1289, 1290 (Fla.Dist.Ct.App. 1980); 13 Fla.Jur.2d, Creditors Rights §§ 220–225.

 I find that the transfer of the real property in question here which began with the grant of a third mortgage to TECSTAR and was consummated by the clerk's issuance of a certificate of title to TECSTAR following the undefended foreclosure, was a transfer made with intent to hinder, delay and defraud the debtor's creditors and that the transferee corporation, through its officers and stockholders, had notice of and was party to the fraud.

As is required by B.R. 9021(a), a separate judgment will be entered avoiding as fraudulent under 11 U.S.C. § 544 and *Fla.Stat.* § 726.01, the debtor's mortgage dated March 5, 1984 to TECSTAR and the clerk's certificate of title following foreclosure of that mortgage. Costs may be taxed on motion.

I have not overlooked the trustee's motion for entry of judgment on the basis of collateral estoppel, based upon this court's judgments of October 10, 1985 in Adversary Proceedings 85–0913, 85–0914, and 85–0919. Those three actions, brought by three individual creditors to bar the debtor's discharge under 11 U.S.C. § 727(a)(2)(A) were tried together and resulted in the denial of the debtor's discharge. Although those judgments constituted a finding that the debtor had transferred the real property in question with

intent to hinder, delay, or defraud creditors, the defendant TECSTAR was not a party to that litigation. Although the issue actually litigated in the prior proceeding was also litigated in this case, it did not involve the same parties. For that reason, collateral estoppel or issue preclusion is clearly inapplicable. *Kaspar Wire Works, Inc. v. Leco Engineering and Machine, Inc.*, 575 F.2d 530, 535 (5th Cir.1978).