SHIVERS, Judge.
Treated Timber Products, Inc. (Treated Timber) appeals from an order denying its petition for supplemental relief under § 56.29 Florida Statutes (1983). We conclude that the trial court applied an incorrect burden of proof and accordingly reverse and remand for further proceedings.
On June 28, 1984, appellant Treated Timber received an order from appellees S & A Associates, Inc. (S & A) and Premium Components, Inc. (Premium) for 18,432 board feet of board lumber to be used for the manufacturing of trusses. The president of Treated Timber approved the sale of this lumber on credit subject to a favorable financial statement from S & A and Premium. The financial statement was signed and sworn to by Charles Riley as president of S & A. The sole owner of S & A and Premium is Sheila Riley Etheridge, who is also the sister of Charles E. Riley.
After S & A and Premium purchased the lumber from Treated Timber, S & A and Premium went out of business. Charles Riley created a new corporation called *160 North Florida Components, Inc. also engaged in the truss building business at the same address where S & A and Premium had been located. On September 29, 1984, North Florida had its first stockholder’s meeting wherein Charles Riley, and two former employees of S & A and Premium, Edward Armstrong, and Ronnie Chappell, were each issued one third ownership and were assigned positions of president, vice president and treasurer, and vice president and secretary, respectively.
Between August 23, 1984 and September 17, 1984, North Florida operated its new truss building business with equipment still titled to’S & A and Premium. On September 17, 1984, Charles Riley, as president of North Florida, entered into an agreement with his sister, as director and sole shareholder of S & A and Premium and her husband as vice president of S & A and Premium for the sale of all of S & A and Premium’s assets and equipment to North Florida.
On November 13, 1984, Treated Timber obtained a final judgment for $5,253.46 against S & A and Premium but Treated Timber’s attempts to collect failed. On February 19, 1985, a motion for proceedings supplementary to execution was filed by Treated Timber pursuant to Florida Statute § 56.29 (1983). Treated Timber also made a motion to implead third party, North Florida, as the holder of property alleged to have been fraudulently transferred from S & A and Premium, which was granted on February 21, 1985.
On June 28, 1985, hearing was held on proceedings supplementary to execution. On July 23, 1985, order was entered denying supplementary relief on the grounds that “the plaintiff (Treated Timber) had not carried its burden of establishing the right for supplementary relief by the greater weight of the evidence.” It is from this order that Treated Timber appeals.
The following applicable statute authorizes the shifting of the burden of proof from the plaintiff to the defendant when three elements have been proven by plaintiff.
When, within 1 year before the service of process on him, defendant has had title to, or paid the purchase price of, any personal property to which his wife, any relative,' or any person on confidential terms with defendant claims title and right of possession at the time of examination, the defendant has the burden of proof to establish that such transfer or gift from him was not made to delay, hinder, or defraud creditors. Section 56.-29(6)(a), Florida Statutes (1983).
The record indicates that Treated Timber made a prima facie showing of the following three elements of § 56.29(6)(a):
1. The transfer occurred within one year before the service of process on S & A and Premium. Service of process on all three defendants was October 18, 1984. The transfer of equipment was made September 17, 1984.
2. S & A and Premium owned personal property that was transferred in which North Florida now claims title. Bills of sale from each defaulted defendant who transferred equipment were introduced at the hearing and Charles Riley testified as to the transfer.
3. The transfer occurred between “persons” on confidential terms. We find that a corporation can be a “person” for the purpose of this statute. North Florida, S & A and Premium were on confidential terms because Charles Riley had held himself out as President of S & A and he was President and one third owner of North Florida. The other officers and owners of North Florida were former employees of S & A and Premium. Furthermore, the three companies engaged in similar activities at the same location.
Consequently, the burden shifted to S & A and Premium to prove that the transfer of equipment from S & A and Premium to North Florida “was not made to delay, hinder or defraud creditors.” Section 56.-29(6)(a), Florida Statutes (1983). The trial court failed to shift the burden of proof to the defendants and incorrectly held Treated Timber to the standard of “the greater *161 weight of the evidence.” Accordingly, we reverse and remand for a ruling on whether supplementary relief is applicable reflecting the proper application of the burden of proof pursuant to § 56.29(6)(a), Florida Statutes (1983).
THOMPSON and WIGGINTON, JJ., concur.