680 So.2d 1050 (1996)
Bonnie ROSEN, Appellant,
v.
David H. ZOBERG, Law Offices of David H. Zoberg, P.A., Barbara Zoberg a/k/a Bobbie Zoberg, as Co-Trustee for the Frank Eisman Trust, Eugene Eisman, as Co-Trustee of the Frank Eisman Trust, and Mae Eisman, Appellees.
No. 95-1218.
District Court of Appeal of Florida, Third District.
September 25, 1996.
Rehearing Denied October 30, 1996.
*1051 Maland & Ross and Dorothy F. Easley, Miami, for appellant.
David H. Zoberg, Miami, and Ariel E. Furst, Miami Beach, for appellees.
Before BARKDULL,[*] NESBITT and SHEVIN, JJ.
SHEVIN, Judge.
Bonnie Rosen appeals adverse final summary judgments and an order denying a motion to stay or abate this action pending the outcome of a prior suit. We affirm in part, and reverse in part.
Bonnie Rosen was represented by the Law Offices of David Zoberg, P.A. [P.A.], from 1989 through 1992. In 1993, Rosen sued the P.A., David Zoberg, individually [Zoberg], and Bobbie Zoberg, the P.A.'s office manager and Zoberg's wife, seeking damages for, inter alia, overbilling of legal fees and churning of her files, intentional infliction of emotional distress, and punitive damages [Rosen I]. The case was stayed by the Florida Insurance Guaranty Association after Zoberg's insurance carrier was placed in receivership.
While conducting discovery on the punitive damages claim, Rosen learned that Zoberg had transferred or placed liens on his assets in favor of his relatives, or entities he controlled. The Rosen I stay prevented Rosen from amending her complaint to assert Uniform Fraudulent Transfer Act claims against these transfers. §§ 726.101.201, Fla. Stat. (1995). To avoid the running of the statute of limitation and to preserve her rights, Rosen filed the present action [Rosen II] against Zoberg, Bobbie Zoberg, and the asset transferees and lienholders to set aside the transfers and liens. Rosen filed a motion to abate or stay Rosen II, pending the outcome of Rosen I. The motion was denied.
Several defendants filed motions for summary judgment: The Linda Zoberg IV (Inter vivos) Trust filed a motion for summary judgment as to counts IV, and VII (as it relates to count IV) of the amended complaint asserting that it was not a member of the Zoberg Family Partnership as alleged therein. Mae Eisman, and the P.A. filed motions for summary judgment as to count I and VII (as it relates to count I), asserting that the loan attacked in count I from Mae Eisman and the Frank Eisman Trust to the P.A. predated Rosen's potential claim. The trial court granted the motions for summary judgment. Rosen appealed the summary judgments and the denial of the motion to stay.
We affirm the summary judgment entered in favor of the Linda Zoberg IV Trust. The record reveals that the trust is not a member of the Zoberg Family Partnership and was entitled to summary judgment.
However, we reverse the summary judgment in favor of Mae Eisman, the Frank Eisman Trust, the co-trustees, and the P.A., finding that genuine issues of material fact remain unresolved regarding whether the defendants acted with fraudulent intent at the time of the loan from Mae Eisman and the Frank Eisman Trust to the P.A. West's F.S.A. § 726.105(1).

*1052 Ordinarily, the issue of fraud is not a proper subject of a summary judgment. Fraud is a subtle thing, requiring a full explanation of the facts and circumstances of the alleged wrong to determine if they collectively constitute a fraud. While there may be some unusual circumstances permitting entry of a summary judgment, the record in the case sub judice does not present that unique situation which would permit entry of a summary judgment.
Automobile Sales, Inc. v. Federated Mut. Implement & Hardware Ins. Co., 256 So.2d 386, 386 (Fla. 3d DCA 1972) (citations omitted); Stephens v. Kies Oil Co., Inc., 386 So.2d 1289 (Fla. 3d DCA 1980).
Additionally, we hold that the trial court abused its discretion in denying Rosen's motions to stay Rosen II. The record demonstrates that resolution of Rosen I is dispositive of Rosen II. If Rosen does not prevail in Rosen I, she is not a creditor, and there is no basis for setting aside the transactions attacked in Rosen II. A stay is the proper vehicle to avoid a waste of judicial resources. See Florida Crushed Stone Co. v. Travelers Indem. Co., 632 So.2d 217 (Fla. 5th DCA 1994); REWJB Gas Inv. v. Land O'Sun Realty, Ltd., 645 So.2d 1055 (Fla. 4th DCA 1994), review denied, 654 So.2d 919 (Fla.1995). On remand, the court shall enter an order staying this action pending resolution of Rosen I.
Affirmed in part, reversed in part, and remanded with instructions.
NOTES
[*] Judge Barkdull did not participate in oral argument.