848 So.2d 1166 (2003)
ALLSTATE INSURANCE COMPANY, Petitioner,
v.
TITUSVILLE TOTAL HEALTH CARE, et al., Respondent.
Nos. 5D02-2560, 5D02-2565, 5D02-2563, 5D02-2564.
District Court of Appeal of Florida, Fifth District.
May 2, 2003.
Rehearing Denied July 8, 2003.
Raoul G. Cantero, III, Gregory A. Victor, and Jack R. Reiter, of Adorno & Yoss, P.A., Miami, for Petitioner.
Kimberly P. Simoes, of Susan W. Tolbert, P.L., Daytona Beach, for Respondent.
HARRIS, C, Senior Judge.
Kimberly Simoes had been staff counsel for Allstate for a considerable time when she left to join the law firm of Wyatt and Tolbert. She then filed numerous lawsuits allegedly relating to the same provider litigation upon which she previously served as Allstate's counsel. Although there were several such lawsuits filed, the four suits involved in the matter under review were filed in the County Court for Brevard County. Allstate, in addition to defending the action, moved to have Simoes disqualified because she was acting in violation of various rules of professional conduct. The parties agreed to stay the underlying actions until the disqualification motions were heard.
There were several such actions filed by Simoes in both Brevard and Volusia Counties which were assigned to several different judges. Allstate elected to file an action in the Orange County Circuit Court seeking to restrain Simoes and her law firm from improperly using information gained *1167 by Simoes from her employment with Allstate in the pending Brevard and Volusia actions. Allstate then moved to stay the county courts herein from deciding its motion to disqualify until the disposition of the case in the Orange County Circuit Court.
The trial courts refused this stay and this denial was the subject of the unsuccessful underlying certiorari proceedings in the Brevard Circuit Court which led to an award of appellate attorney's fees under the amended version of section 57.105, Florida Statutes now before this court on Allstate's request for certiorari. We grant certiorari and quash the order granting attorney's fees.
The circuit court had certiorari jurisdiction to review this non-final order under Rule 9.030(c), Jurisdiction of Circuit Courts. The circuit court, acting in its appellate capacity, agreed that it had jurisdiction. It determined, however, that Allstate's attorneys knew, or should have known, that certiorari was an improper procedural remedy because there would be a full, adequate and complete remedy on appeal and, thus, awarded attorney's fees under the amended version of section 57.105. While we remain unsure as to how much the amendment has affected previous law (the issue is currently before the supreme court),[1] the lower court ruling would seem to require attorney's fees to one side or the other in almost every certiorari case.
Courts have often held that it is appropriate for one court to stay an action in order to avoid a waste of judicial resources if a similar issue is pending in another action and will be dispositive. See Rosen v. Zoberg, 680 So.2d 1050 (Fla. 3d DCA 1996) and Laurence v. Soler, 706 So.2d 896 (Fla. 3d DCA 1998). The circuit appellate court distinguished these cases because this case involved a stay of the issue of disqualification and not the stay of the underlying action which was challenged by certiorari. We find the distinction meaningless. The critical issue of disqualification of the lawyer who brought these four actions, as well as twenty-nine other actions in Brevard and Volusia Counties, based on allegations of improper conduct had to be answered before the court proceeded to the merits of the case. It would indeed be a waste of judicial resources if disqualification had to be determined in each of the thirty-three cases. Because certiorari was not an improper procedural remedy for Allstate to seek, the court's order permitting attorney's fees against it was improper and is hereby quashed and the resulting award of attorney's fees is set aside.
CERTIORARI GRANTED and ODER on Attorney's fees QUASHED.
SHARP, W., and PLEUS, JJ., concur.
NOTES
[1] See Forum v. Boca Burger, 788 So.2d 1055, 1060-61 (Fla. 4th DCA 2001), review granted, 817 So.2d 844 (Fla.2002).