PALMER, J.
ON MOTION FOR REHEARING
Respondents, Barnes Family Chiropractic, et al., filed a motion for rehearing of this court’s opinion dated June 20, 2003, which granted Allstate’s petitions for writs of certiorari and quashed the trial court’s orders awarding attorney’s fees. We grant the motion, withdraw our prior decision, and issue the following opinion in its stead.
In these six consolidated personal injury protection (PIP) cases, Allstate filed six basically identical petitions for writ of cer-tiorari requesting that this court quash several non-final' orders entered by the circuit court, acting in its appellate capacity, which awarded attorney’s fees on the basis of sections 57.105, 627.48 and 627.736 of the Florida Statutes. Concluding that the circuit court departed from the essential requirements of law in awarding attorney’s fees under section 57.105 of the Florida Statutes, we grant the instant petitions and quash those portions of the circuit court’s orders. However, concluding that the trial court’s alternative provisional awards of attorney’s fees under sections 627.428 and 627.736(7) of the Florida Statutes were proper, we deny Allstate’s petitions as to said rulings.
Respondents filed actions in the county court seeking to recover PIP benefits. Allstate responded by filing multiple motions to disqualify respondents’ counsel on the basis of counsel’s prior employment by Allstate. Allstate also filed multiple motions to stay the disqualification pro *16 ceedings. When the county court denied Allstate’s motions for stay, Allstate filed multiple petitions for writs of certiorari to the circuit court, sitting in its appellate capacity, seeking review of the county court’s ruling. The circuit court denied those petitions and entered orders awarding respondents’ their appellate attorney’s fees pursuant to section 57.105 of the Florida Statutes. The circuit court also provisionally granted respondents their attorney’s fees pursuant to sections 627.428 and 627.736 of the Florida Statutes. Allstate then filed the instant petitions for writs of certiorari to this court for review of the circuit court’s attorney’s fee awards.
As to the award of attorney’s fees pursuant to section 57.105 of the Florida Statutes, we grant Allstate’s petitions and quash the trial court’s orders awarding attorney’s fees for the reasons set forth in Allstate Ins. Co. v. Titusville Total Health Care, 848 So.2d 1166 (Fla. 5th DCA 2003)(holding that certiorari was not an improper procedural remedy for review of disqualification order and thus section 57.105 fees were not recoverable for proceedings associated with certiorari petition).[1]
However, the circuit court correctly determined that the respondents were entitled to receive a provisional award of attorney’s fees based upon their successful defense of Allstate’s petitions for writs of certiorari filed in relation to the motions to stay the disqualification proceedings.
PIP claims are covered by section 627.736(8) of the Florida Statutes, which provides in relevant part:
627.736 Required personal injury protection benefits; exclusions; priority; claims.—
[[Image here]]
Applicability of provision regulating attorney’s fees. — •
* * *
(8) With respect any dispute under the provision of section 627.730-627.7405 between the insured and the insurer, or between an assignee of an insurer’s rights and the insurer, the provision of section 627.428 shall apply, except as provided in sub-section (11).
§ 627.736(8), Fla. Stat. (2002). Section 627.428(1) of the Florida Statutes provides:
627.428 Attorney’s fee.—
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
§ 627.428(1), Fla. Stat. (2002).
The purpose of section 627.428 is to discourage insurance companies from contesting valid PIP claims and to reimburse successful insureds for their attorney’s fees when they are compelled to sue to enforce their insurance contacts. See Ins. Company of North America v. Lexow, 602 So.2d 528 (Fla.1992).
*17 Allstate contends that the circuit court’s provisional awards of attorney’s fees to the respondents pursuant to these sections were improper because the petitions for writs of certiorari and the underlying motions for stay of the disqualification proceeding were collateral matters unrelated to insurance coverage. We disagree. In order for the respondents to succeed on their PIP actions filed in the county court, it was reasonable and necessary for them to defend against Allstate’s efforts to disqualify their counsel and to stay the disqualification proceedings, as well as any appellate review sought by Allstate as to those matters. As such, the underlying actions were disputes covered by section 627.428 and, therefore, the respondents are entitled to recover all reasonable attorney’s fees incurred in addressing those matters if they ultimately prevail in this matter.
Petition GRANTED as to award of attorney’s fees pursuant to section 57.105 and said award is hereby QUASHED. Petition DENIED as to the conditional award of attorney’s fees pursuant to sections 627.428 and 627.736.
SHARP, W., and PLEUS, JJ., concur.

. In responding to Allstate's petition, respondents limited their arguments to a request that this court deny the petitions as they pertain to the circuit court’s award of attorney's fees pursuant to 627.428 and 627.736, not ever arguing that the fees were properly awarded pursuant to section 57.105.