985 So.2d 1109 (2008)
Australia MEJIA, Appellant,
v.
John H. RUIZ and Anthony Davide, Appellees.
No. 3D07-2254.
District Court of Appeal of Florida, Third District.
May 14, 2008.
Rehearing and Rehearing En Banc Denied July 24, 2008.
*1111 Robert C. Meyer, Miami, for appellant.
John H. Ruiz, Miami, and Ralip Hernandez and Jennifer Remy, for appellees.
Before RAMIREZ, CORTIÑAS, and ROTHENBERG, JJ.
RAMIREZ, J.
Appellant Australia Mejia appeals a final order denying her claim in proceedings supplementary against appellees John Ruiz and Anthony Davide, the only two shareholders and directors of a judgment debtor corporation Carmel Apartments, Inc. After Mejia filed suit and served Carmel, the appellee shareholders sold all of the corporation's assets and distributed the proceeds to themselves, leaving the debtor corporation insolvent. Appellant then obtained a judgment against the now worthless corporation. Because the appellees fraudulently transferred all the assets of Carmel to themselves, we reverse.
Mejia fell at the Carmel Apartments on March 17, 2003, and was injured. She submitted a letter to Carmel on March 20, 2003, putting Carmel on notice of her injuries and making a statutory demand for insurance information. When Carmel failed to respond, she filed suit on May 15, 2003. Service on Carmel was effectuated on May 20, 2003, by serving Appellee Davide as the corporate representative.
On June 9, 2003, Ruiz, an attorney and principal of John H. Ruiz, P.A., appeared for Carmel when he filed a notice of appearance and a motion for extension of time to respond to the lawsuit. The motion sought thirty additional days to respond to the complaint. Ruiz was a 50 percent shareholder and director of Carmel. Davide was the other 50 percent shareholder and director of Carmel. Appellees are sophisticated businessmen who engage in real estate, law, and other businesses. Davide has 40 real estate or other businesses, with a total of 150 to 200 employees.
After obtaining an extension of time, Ruiz filed an answer for Carmel on July 15, 2003. That same day, unbeknownst to Mejia, Carmel sold its only assetthe apartment complex and the site of Mejia's accidentfor $2.225 million. Davide handled the financial distributions of the proceeds or accounting that followed the sale. According to the K-1 federal tax forms of Carmel, Davide and Ruiz each received a cash distribution of $168,000.00 and over $207,000.00 of income from the closing.
After Mejia noticed the case for trial, Ruiz moved to withdraw as counsel for Carmel on the grounds of "irreconcilable differences."[1] Ruiz did not disclose that *1112 he was a director and 50 percent shareholder of Carmel nor that Carmel had sold its only asset. Carmel's pleadings were subsequently stricken, and the matter proceeded to adjudication in favor of Mejia on January 30, 2004, with a final judgment for $51,377.50.
On April 13, 2004, Davide filed Articles of Dissolution with the Secretary of State, pursuant to section 607.1403, Florida Statutes (2003). The dissolution asserts to be in compliance with section 607.1403 and to be effective December 31, 2003, despite a filing date of April 13, 2004. No notice of the dissolution was given to Mejia. Mejia thereafter filed an affidavit of nonpayment, and the clerk issued a writ of execution. Mejia also served a request for production in aid of execution upon Carmel and commenced proceedings supplementary pursuant to section 56.29, Florida Statutes (2003).
At depositions in aid of execution, Mejia learned that Carmel had no liability insurance and had no coverage for her claim. She also learned for the first time of the sale and liquidation of Carmel. The section 56.29 proceeding was presented to the court by uncontested submission of deposition transcripts. The court denied Mejia relief and entered a final order finding that she had failed to meet her burden of proof.
The parties agree that our standard of review is de novo. Proceedings supplementary are equitable in nature and should be liberally construed. See Ferguson v. State Exch. Bank, 264 So.2d 867 (Fla. 1st DCA 1972). Pursuant to section 56.29, judgment creditors have a "useful, efficacious and salutary remedy ... to subject [assets to] ... a speedy and direct proceeding in the same court in which the judgment was recovered." Regent Bank v. Woodcox, 636 So.2d 885, 886 (Fla. 4th DCA 1994).
Under the decisional law interpreting section 56.29, there are two jurisdictional prerequisites for proceedings supplementary: (1) a returned and unsatisfied writ of execution; and (2) an affidavit averring that the writ is valid and unsatisfied, along with a list of third persons to be impleaded. Tomayko v. Thomas, 143 So.2d 227, 229-30 (Fla. 3d DCA 1962). Once these jurisdictional criteria are met, the "statute should be given a liberal construction so as to afford to the judgment creditor the most complete relief possible." Richard v. McNair, 121 Fla. 733, 164 So. 836, 840 (1936); Gen. Guar. Ins. Co. of Fla. v. DaCosta, 190 So.2d 211, 213 (Fla. 3d DCA 1966). Mejia established that her writ of execution was valid and returned unsatisfied and listed appellees as the parties to be impleaded. Such impleading, however, does not in and of itself imply liability on the part of the impleaded third parties. DaCosta, 190 So.2d at 214. It provides them with an opportunity to raise their defenses and protect their interests consistent with genuine due process. See Wieczoreck v. H & H Builders, Inc., 450 So.2d 867, 871 (Fla. 5th DCA 1984).
The trial court did not elucidate its finding that the plaintiff failed to meet her burden of proof, but we cannot agree with this conclusion. First, we have serious reservations that Mejia had the burden of proof. Second, even if she did, we must conclude that she amply satisfied her burden. Section 56.29(6)(b) states that any transfer, assignment or other conveyance of personal property made or contrived by defendant to delay, hinder or defraud creditors shall be void. Whether a defendant's actions are made or contrived to "delay, hinder, or defraud" must be determined with reference to section 726.105(1)(1), which states: "(1) A transfer made or obligation incurred by a debtor is *1113 fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (a) With actual intent to hinder, delay, or defraud any creditor of the debtor; ..."
Section 726.105(2) states that, in determining actual intent, consideration may be given, among other factors, to whether:
(a) The transfer or obligation was to an insider.
(b) The debtor retained possession or control of the property transferred after the transfer.
(c) The transfer or obligation was disclosed or concealed.
(d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.
(e) The transfer was of substantially all the debtor's assets.
(f) The debtor absconded.
(g) The debtor removed or concealed assets.
(h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.
(i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.
(j) The transfer occurred shortly before or shortly after a substantial debt was incurred.
(k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.
Most of the factors listed in the statute are present in this case. The proof required to show that a transfer is fraudulent is the preponderance of the evidence standard. Kapila v. Plave (In re Paul), 217 B.R. 336, 337 n. 2 (S.D.Fla.1997) (citing Wieczoreck v. H & H Builders, Inc., 475 So.2d 227 (Fla.1985)). Proof of fraud requires proof of intent. Obviously, in these situations, the parties will not readily admit to being instruments of fraud. Therefore, "because of the difficulty of proving actual intent to defraud creditors, section 726.105(2) provides that fraudulent intent maybe presumed from evidence of `badges of fraud.'" Beal Bank SSB v. Almand & Assocs., 780 So.2d 45, 60 (Fla. 2001); see also In re World Vision Entm't., Inc., 275 B.R. 641, 656 (Bankr. M.D.Fla.2002) ("Because the determination of actual intent can be difficult, courts look to `badges of fraud' to determine whether the transfer was made with the intent to defraud creditors.").
While a single badge of fraud may amount only to a suspicious circumstance, a combination of badges will justify a finding of fraud. United States v. Fernon, 640 F.2d 609, 613 (5th Cir.1981); Johnson v. Dowell, 592 So.2d 1194, 1197 (Fla. 2d DCA 1992). "The existence of badges of fraud create a prima facie case and raise a rebuttable presumption that the transaction is void." Stephens v. Kies Oil Co., Inc., 386 So.2d 1289, 1290 (Fla. 3d DCA 1980). Consideration may also be given to factors other than those listed. In re Miller, 188 B.R. 302, 305-306 (Bankr.M.D.Fla.1995). Courts may take into account the circumstances surrounding the conveyance. Kirk v. Edinger, 380 So.2d 1336, 1337 (Fla. 5th DCA 1980).
In our case, these circumstances included: (1) requesting an extension of time to file an answer until the closing on the apartment complex; (2) filing an answer and eleven affirmative defenses without mentioning that the complex has been sold and the closing is taking place that same *1114 day; (3) receiving a request to produce from the plaintiff and waiting until the thirtieth day to then move to withdraw; (4) filing a motion to withdraw for irreconcilable differences without explaining that those differences were with a corporation in which counsel was a 50 percent owner and director; and (5) certifying in the motion to withdraw that it was not made in an effort to delay the action and was "made in good faith." Here, Mejia clearly satisfied her burden by presenting numerous undisputed facts which supported several badges of fraud, as well as additional facts and circumstances buttressing a finding that Carmel did "delay, hinder or defraud" Mejia.
After receipt of this evidence, the burden shifted to appellees to show the transfer was made without intent to "delay, hinder or defraud creditors." Treated Timber Prods., Inc. v. S & A Assocs., Inc., 488 So.2d 159, 160 (Fla. 1st DCA 1986); § 56.29(6)(a) ("[T]he defendant has the burden of proof to establish that such transfer or gift from him or her was not made to delay, hinder, or defraud creditors."). Appellees put forth no evidence to rebut Mejia's showing.
Furthermore, the manner in which Carmel was dissolved lends support to a finding that appellees engaged in conduct to "delay, hinder or defraud creditors." The Florida Statutes provide the manner for liquidation of corporations. Section 607.1406 requires that known claims of dissolved corporations be handled in one of three manners. That statute states, in pertinent part:
Section 607.1406. Known claims against dissolved corporation
(2) The dissolved corporation or successor entity shall deliver to each of its known claimants written notice of the dissolution at any time after its effective date ...
(3) A dissolved corporation or successor entity may reject, in whole or in part, any claim made by a claimant pursuant to this subsection by mailing notice of such rejection to the claimant within 90 days after receipt of such claim ...
(4) A dissolved corporation or successor entity electing to follow the procedures described in subsections (2) and (3) shall also give notice of the dissolution of the corporation to persons with known claims ...
Carmel totally ignored these statutory provisions. Although appellees knew of Mejia's claim, Mejia was given no notice of the sale/transfer nor was she notified as required under section 607.1406. Appellees respond that their failure to comply with the statute merely proves that "the corporate affairs have been poorly handled." The statute, however, is not intended as a guide to what constitutes good corporate governance, but is clearly aimed at affording protection to creditors when a corporation is voluntarily dissolved. Shareholders and directors that follow the procedures set forth in section 607.1406 are given limited immunity. Conversely, those that ignore its dictates are not. Here, appellees disregarded the statute and are therefore entitled to no immunity.
In sum, Mejia presented the trial court with a prima facie proof of evidence of several badges of fraud derived from the appellees' own testimony. We therefore reverse the trial court's Final Order on Supplemental Proceedings entered in favor of the appellees, with instructions to set aside the transfers from Carmel to appellees to the extent necessary to satisfy Mejia's judgment, and enter judgment in Mejia's favor.
NOTES
[1] Ruiz later testified in deposition that the "irreconcilable differences" were that Carmel could not pay for his services.