DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARK S. YARALLI**, individually and as 50% shareholder of Digiplot,
Inc.,
Appellant,

v.

**AMERICAN REPROGRAPHICS COMPANY, LLC**, a Florida limited
liability company,
Appellee.

No. 4D13-3684

[May 27, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit,
Broward County; Michael L. Gates, Judge; L.T. Case No. 09-57502 (12).

Alan G. Geffin and Christopher Perez-Gurri of GPG Law, Fort
Lauderdale, for appellant.

Brigid A. Merenda, Amy L. Drushal and Stephanie S. Leuthauser of
Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., Tampa, for
appellee.

STEVENSON, J.

Mark S. Yaralli appeals the summary final judgment entered against
him and in favor of American Reprographics Company, LLC ("ARC"), on
Counts VII and IX of his fourth-amended complaint. Finding there remain
genuine issues of material fact, we reverse.

*Facts*

Yaralli owned substantial shares in Digiplot, a company that provided
reprographic services and reproduction copying services. The remaining
shares of Digiplot were held by Carol and Hamid Shariff. The three
shareholders had a falling out, and Yaralli left Digiplot. The Shariffs later
dissolved Digiplot.

In his fourth-amended complaint, Yaralli alleged the Shariffs
transferred all of Digiplot's assets to ARC and also obtained employment
with ARC or a wholly-owned subsidiary. The assets which Yaralli claimed

were transferred from Digiplot to ARC included Digiplot's clients, tangible assets, goodwill, business contacts "and the like."

Yaralli filed suit against the Shariffs, Digiplot and ARC. The two counts brought against ARC were Counts VII and IX. Count VII was for a fraudulent transfer and Count IX a civil conspiracy. As it pertains to Count VII, Yaralli alleged that he was a shareholder and creditor of Digiplot, that the Shariffs improperly transferred the assets of Digiplot to ARC and that ARC did not pay a reasonable equivalent value in exchange for these assets.

ARC moved for summary judgment, raising numerous arguments in support of its motion. First, it argued there was no evidence Mr. Shariff made the alleged transfers with the actual intent to hinder, delay, or defraud Yaralli, and there was no evidence that any of Digiplot's assets were transferred to ARC. Next, it argued Yaralli was not a creditor for purposes of the fraudulent transfer statute, as any money he paid to Digiplot was in the form of equity. ARC further asserted that Yaralli did not have standing to bring Count VII because he incorrectly brought suit as an individual as opposed to filing a derivative suit. Finally, it submitted that any injury suffered by Yaralli was not separate and distinct from that of the Shariffs, as all the shareholders would have been harmed if Digiplot did not receive a fair value for its assets.

Agreeing with ARC, the trial court granted its motion for summary judgment and later entered final judgment in favor of ARC on both counts.

*Analysis*

"'The applicable standard of review on orders granting summary judgment is de novo. Summary judgment is appropriate only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Additionally, all inferences must be made in favor of the non-moving party.'" *O'Malley v. Ranger Constr. Indus., Inc.*, 133 So. 3d 1053, 1055 (Fla. 4th DCA 2014) (quoting *Cohen v. Arvin*, 878 So. 2d 403, 405 (Fla. 4th DCA 2004)).

We first find Yaralli was a creditor for purposes of the fraudulent transfer statute.[1] In Yaralli's affidavit in support of his opposition to ARC's

---

[1] Section 726.105(1), Florida Statutes (2012), provides:

>    (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after

motion, he classified his contributions as loans. Under Chapter 726, a "creditor" is defined as "a person who has a claim." § 726.102(5), Fla. Stat. (2012). A "claim" is defined as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." § 726.102(4). Yaralli's assertion that the money he gave Digiplot was a loan, and not equity, is sufficient to fall within the definition of a "claim" under Chapter 726, thereby making him a creditor.

Since Yaralli can be considered a creditor, we disagree with the trial court's conclusion that he needed to bring a derivative action as opposed to a direct action. To proceed under section 726.105, one need be only a creditor, and a creditor can be someone who is not a shareholder. *Cf. Karten v. Woltin*, 23 So. 3d 839, 841 (Fla. 4th DCA 2009) (finding a shareholder must file a derivative action because allegations of "excessive payment and other examples of mismanagement and waste. . . . would affect the relative value of all the shares owned by all the shareholders, of which the [shareholder] is only a 25% owner"). Thus, based on his status as a creditor, Yaralli could bring a direct action.

As to the trial court's conclusion that Yaralli sued the wrong entity,[2] we find Yaralli's complaint was not premised on there being an agency relationship between ARC and Ridgeway, but was instead premised on his contention that ARC—not Ridgeway—fraudulently received Digiplot's assets. Thus, Yaralli was not required to prove, as part of his fraudulent transfer count, an agency relationship between ARC and Ridgeway.

The final basis for the trial court's order centers on its determination that there was undisputed record evidence demonstrating there was no

the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
(a) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
(b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
1. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
2. Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

[2] ARC argued Yaralli should have sued Ridgeway (one of its subsidiaries) because Mr. Shariff went to work for Ridgeway, not ARC.

intent to hinder, delay, or defraud Yaralli. "Because the determination of actual fraudulent intent can be difficult, courts look to certain 'badges of fraud' to determine whether the transfer was made with the intent to defraud creditors." *Gen. Elec. Co. v. Chuly Int'l, LLC*, 118 So. 3d 325, 327 (Fla. 3d DCA 2013) (citing *Beal Bank, SSB v. Almand & Assocs.*, 780 So. 2d 45, 60 (Fla. 2001)). Section 726.105(2), Fla. Stat. (2012), outlines these badges of fraud:

> (2) In determining actual intent under paragraph (1)(a), consideration may be given, among other factors, to whether:
> (a) The transfer or obligation was to an insider.
> (b) The debtor retained possession or control of the property transferred after the transfer.
> (c) The transfer or obligation was disclosed or concealed.
> (d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.
> (e) The transfer was of substantially all the debtor's assets.
> (f) The debtor absconded.
> (g) The debtor removed or concealed assets.
> (h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.
> (i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.
> (j) The transfer occurred shortly before or shortly after a substantial debt was incurred.
> (k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

"While a single badge of fraud may amount only to a suspicious circumstance, a combination of badges will justify a finding of fraud." *Mejia v. Ruiz*, 985 So. 2d 1109, 1113 (Fla. 3d DCA 2008). We find that there remain genuine issues of material fact as to two of the badges of fraud: (1) whether the transfer was "of substantially all the debtor's assets," and (2) whether the "value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred." § 726.105(2)(e), (h). Although ARC presented some evidence that certain assets were not transferred to it (e.g., physical equipment and clients), it did not refute Yaralli's contention that other assets, such as goodwill and customer data files, were. *See Amjad Munim, M.D., P.A. v. Azar*, 648 So. 2d 145, 153 (Fla. 4th DCA 1994) (holding goodwill can be considered an asset for purposes of a fraudulent transfer). Because there remain questions as to whether any assets were transferred to ARC, it is

4

impossible at this stage to determine whether Digiplot received reasonable consideration for these assets that were possibly transferred. Additionally, it is undisputed that another badge—Yaralli's threat of a lawsuit—was present.

Accordingly, we reverse the entry of summary final judgment as to Count VII. *See Lab. Corp. of Am. v. Prof'l Recovery Network*, 813 So. 2d 266, 271 (Fla. 5th DCA 2002) ("'Ordinarily, the issue of fraud is not a proper subject of a summary judgment. Fraud is a subtle thing, requiring a full explanation of the facts and circumstances of the alleged wrong to determine if they collectively constitute a fraud.'" (quoting *Rosen v. Zoberg*, 680 So. 2d 1050, 1052 (Fla. 3d DCA 1996))). As it relates to Count IX, because a cause of action for civil conspiracy "requires an actionable underlying tort or wrong," and because we find summary judgment was improperly granted as to Count VII (the underlying wrong), we reverse the entry of summary judgment as to Count IX as well. *Raimi v. Furlong*, 702 So. 2d 1273, 1284 (Fla. 3d DCA 1997).

*Reversed.*

TAYLOR and CIKLIN, JJ., concur.

*　　*　　*

**Not final until disposition of timely filed motion for rehearing.**