[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13506

Non-Argument Calendar

_____

WILLIAM VAUTIN,

Plaintiff-Appellee,

*versus*

BY WINDDOWN, INC.,

Defendant,

FERRETTI GROUP OF AMERICA, LLC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cv-25168-JEM

————————————

Before WILLIAM PRYOR, Chief Judge, and JORDAN and LAGOA, Circuit Judges.

PER CURIAM:

Ferretti Group of America, LLC, appeals the judgment in favor of William Vautin following a bench trial. Vautin filed an impleader complaint against Ferretti Group, as recipient of fraudulent transfers from BY Winddown, Inc., and sought relief under the Florida supplementary proceedings law, Fla. Stat. § 56.29, and the Florida Uniform Fraudulent Transfer Act, Fla. Stat. § 726.101 *et seq*. Because the district court committed no clear error in its findings of fact and no error of law, we affirm.

In 2011, William Vautin, a resident of Australia, purchased one of BY's yachts. In 2014, Vautin provided BY with written notice of the yacht's defects. BY and Ferretti Group were wholly owned by Ferretti Group of America Holding Company, Inc., which was a subsidiary of Ferretti S.p.A. Ferretti Holding owned BY's shares but did not operate in any way. BY and Ferretti Group shared corporate officers, including Chief Financial Officer Tony Rodriguez. Ferretti Group was an insider and creditor of BY.

In April 2015, BY sold substantially all its assets to a non-insider good faith purchaser for $4.5 million. The purchaser owed

Ferretti Holding $3.75 million, BY $500,000, and Ferretti S.p.A. $250,000. Because Ferretti Holding had no bank account, the buyer transferred its amount owed to BY's bank account, and the money later went to Ferretti S.p.A. BY was insolvent at the time of the sale.

On April 7, 2015, BY received a wire transfer for $1 million, BY received another transfer for $1.5 million on October 1, 2015. BY transferred money to Ferretti Group in three transactions: $500,000 and $150,000 on August 7, 2015, and $1.5 million on October 5, 2015. BY received no money from Ferretti Group in return for these transfers.

In 2016, Vautin sued BY in Australia and obtained judgments in his favor. Vautin later filed a complaint in the Miami Division of the Southern District of Florida to enforce the foreign judgments, and the district court granted a default judgment.

Vautin then initiated supplementary proceedings to satisfy the foreign judgments and impleaded Ferretti Group. Vautin asserted four counts of fraudulent transfers against Ferretti Group under the supplementary proceedings law, Fla. Stat. § 56.29, and the Fraudulent Transfer Act, Fla. Stat. § 726.105(1)(a)-(b), 726.106(1). At a bench trial, Rodriguez testified that BY received a reduction in debt to Ferretti Holding for the $1.5 million and $500,000 transfers and a reduction in debt to Ferretti Group for the $150,000 transfer.

After the bench trial, the district court entered its findings of fact and conclusions of law. It ruled that Ferretti Group had the burden of proof under subsection 56.29(3)(a) to establish that the

transfers were not made to delay, hinder, or defraud creditors. It found that the transfers were made with the intent to hinder, delay, or defraud under subsections 56.29(3)(a) and 726.105(1)(a) and that Ferretti Group did not receive reasonably equivalent value as to Vautin's claim under subsection 726.106(1). The district court entered judgment in Vautin's favor for $2.15 million plus pre- and post-judgment interest.

"[A]fter a bench trial, we review the district court's conclusions of law *de novo* and the district court's factual findings for clear error." *Nat'l Mar. Servs., Inc. v. Straub*, 776 F.3d 783, 786 (11th Cir. 2015) (internal quotation marks and citation omitted). A factual finding is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (internal quotation marks omitted). The Florida Uniform Fraudulent Transfers Act makes a transfer fraudulent when the debtor made the transfer "without receiving a reasonably equivalent value in exchange for the transfer" and "was insolvent at that time." Fla. Stat. § 726.106(1). A transfer is also fraudulent when it is made "[w]ith actual intent to hinder, delay, or defraud any creditor." Fla. Stat. § 726.105(1)(a). The supplementary proceedings statute allows a court to declare a judgment debtor's transfer void. *See* Fla. Stat. § 56.29(3)(b) ("When any . . . transfer . . . has been made or contrived by the judgment debtor to delay, hinder, or defraud creditors, the court shall order the . . . transfer . . . to be void[.]"). Whether a debtor's transfers are made or contrived to "delay, hinder, or

defraud" under either statute is governed by section 726.105, *Mejia v. Ruiz*, 985 So. 2d 1109, 1112 (Fla. Dist. Ct. App. 2008), which provides a non-exhaustive list of indicia of fraud, Fla. Stat. § 726.105(2). These "badges of fraud" create a rebuttable presumption that a transfer is void, and the burden then shifts to the debtor to show the transfer was not made to defraud creditors. *Gen. Elec. Co. v. Chuly Int'l, LLC,* 118 So. 3d 325, 327 (Fla. Dist. Ct. App. 2013).

The district court did not clearly err in finding that BY's transfers were made with the actual intent to hinder, delay, or defraud. Ferretti Group does not contest that Ferretti Group was an insider and that BY was insolvent. Fla. Stat. § 726.105(2). It also agrees that BY transferred substantially all its assets and that Vautin threatened suit before the transfers. Based on these four factors alone, the district court could have made a finding of fraud. *Mane Fla. Corp. v. Beckman*, 355 So. 3d 418, 426 (Fla. Dist. Ct. App. 2023) ("Two or three badges of fraud can be enough to support a finding of actual intent to defraud.").

The district court also did not clearly err in finding that BY did not receive reasonably equivalent value for its transfers. Ferretti Group argues that BY paid it $150,000 to satisfy its own debt and $2 million to satisfy a debt to Ferretti Holding for BY's 2015 sale because Ferretti Holding did not have a bank account. "Value is given for a transfer . . . if, in exchange for the transfer . . . an antecedent debt is secured or satisfied." Fla. Stat. § 726.104(1). But the district court did not clearly err in failing to consider the $2 million in transfers to Ferretti Group as payments toward a debt to Ferretti

Holding. A transfer is entitled to more scrutiny when made to an insider like Ferretti Group. *See In re Advanced Telecomm. Network, Inc.*, 490 F.3d 1325, 1336-37 (11th Cir. 2007). "When property is transferred to a corporation, the law does not treat the principal of the corporation as the recipient of the property." *Mane*, 355 So. 3d at 429 (rejecting a good faith defense that a corporation took property for reasonably equivalent value when it paid nothing for the property and the debt satisfied was owed to its sole shareholder); *see also Palma v. S. Fla. Pulmonary & Critical Care, LLC*, 307 So. 3d 860, 866 (Fla. Dist. Ct. App. 2020) ("[A]n LLC is an autonomous legal entity, separate and distinct from its members."). Ferretti Group could not be the "constructive recipient" of funds to satisfy a debt to its owner, Ferretti Holding, because they are separate legal entities. *Mane*, 355 So. 3d at 429. Ferretti Holding never received any money from BY to satisfy a debt. That money went to Ferretti Group and then Ferretti S.p.A. So, the district court did not clearly err in refusing to consider this transfer and finding that $150,000 was not a reasonably equivalent exchange in value for the $2.15 million in transfers.

The district court also did not err in shifting the burden to Ferretti Group to prove that it did not intend to hinder, delay, or defraud. The district court stated that "[r]egardless of who bears the burden of proof," the transfers were fraudulent, so the burden of proof did not affect the district court's analysis. In any event, section 56.29 provides that a judgment debtor, including a transferee impleaded as a defendant, *Morton v. Cord Realty, Inc.*, 677 So. 2d 1322, 1324 (Fla. Dist. Ct. App. 1996), bears the burden of proving

that a transfer was not fraudulent when made within one year before the service of process and the judgment debtor has transferred personal property to a person on confidential terms with the debtor. Fla. Stat. § 56.29(3)(a) ("[T]he judgment debtor has the burden of proof to establish that such transfer or gift was not made to delay, hinder, or defraud creditors.").

Ferretti Group argues that instead of applying subsection 56.29(3)(a), the district court was required to apply federal law and place the burden on the creditor. But under Federal Rule of Civil Procedure 69, state law ordinarily governs proceedings supplementary. Fed. R. Civ. P. 69(a)(1); *Gen. Trading Inc v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n.22 (11th Cir. 1997) ("Under [Rule] 69, state law concerning supplementary proceedings to enforce a judgment will govern to the extent that it is not preempted by federal law."). And Ferretti Group fails to identify a federal law that would preempt the Florida statute.

Ferretti Group also argues that Vautin must have sought relief under subsection 56.29(9), which places the burden of proof on the creditor. It argues that subsection 56.29(3)(a) is not a substantive provision and that subsection 56.29(3)(b) does not permit money judgments. Ferretti Group relies on *McGregor v. Fowler White Burnett, PA*, 332 So. 3d 481, 487-91 (Fla. Dist. Ct. App. 2021), to support its argument. This argument fails.

Vautin could pursue a money judgment, and the district court did not err in shifting the burden of proof to Ferretti Group. When there is disagreement among the Florida appellate courts,

"we look to the decisions of the Florida appellate court that would have had jurisdiction over an appeal in this case had it been filed in state court." *Bravo v. United States*, 532 F.3d 1154, 1164 (11th Cir. 2008). Vautin filed his claim in Miami where the Third District Court of Appeals would have had jurisdiction. That court held in *Rosenberg v. U.S. Bank*, 360 So. 3d 795, 802-03 (Fla. Dist. Ct. App. 2023), that plaintiffs may obtain money judgments under each subsection of 56.29, including subsection 56.29(3).

We **AFFIRM** the judgment in Vautin's favor.